**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TERRANCE MAURICE MILES, a/k/a T-Miles,
*Defendant-Appellant.*

No. 99-4140

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DERRICK DEMEATRIS CLARK, a/k/a Doc,
*Defendant-Appellant.*

No. 99-4154

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DARRYL GRIFFIN, a/k/a Big D,
*Defendant-Appellant.*

No. 99-4155

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ERIC JEROME GOLETT,
*Defendant-Appellant.*

No. 99-4156

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

      v.

KENNY MONTANA HOLTON, a/k/a
K.G.,

        *Defendant-Appellant.*

No. 99-4157

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

      v.

CARLOS SHENICK WHITE,

        *Defendant-Appellant.*

No. 99-4701

Appeals from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-98-9)

Submitted: August 20, 2001

Decided: September 17, 2001

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**COUNSEL**

Louis C. Allen III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for

Appellant Miles; Charles C. Henderson, Trenton, North Carolina, for Appellant Clark; Jerry Wayne Leonard, Raleigh, North Carolina, for Appellant Griffin; Warren T. Wolfe, STRIKLIN LAW FIRM, Havelock, North Carolina, for Appellant Golett; Gregory E. Wills, ALEXY, MERRELL, WILLS & WILLS, Kitty Hawk, North Carolina, for Appellant Holton; Joseph Bart Gilbert, Jacksonville, North Carolina, for Appellant White. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jane J. Jackson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

A jury convicted Terrance Miles, Derrick Clark, Darryl Griffin, Eric Golett, Kenny Holton, and Carlos White (collectively, "Appellants") of conspiracy to possess with intent to distribute and to distribute cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C.A. § 846 (West 1999). The jury also convicted Clark of possession with intent to distribute marijuana, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). Griffin pled guilty to possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d) (1994). The district court sentenced Appellants to terms of imprisonment ranging from 292 months to life imprisonment. Appellants raise a number of challenges to their convictions and sentences and have moved for additional briefing. We deny Appellants' motion. For the following reasons, we affirm in part, vacate in part, and remand for resentencing.

### I.

Appellants contend that the district court erred in denying their request for a special verdict form and that they should have been sen-

tenced based on the drug carrying the lowest statutory penalty—marijuana. As support for their claim, Appellants rely on *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir.) (en banc), *and cert. denied*, 530 U.S. 1222 (2000).

After reviewing the indictment, which charged Appellants with conspiring to distribute or possess with intent to distribute crack cocaine, cocaine, *and* marijuana, and the court's instructions to the jury, we find that Appellants' arguments are foreclosed by our recent decision in *United States v. Cotton*, ___ F.3d ___, 2001 WL 901259, at *2 (4th Cir. Aug. 10, 2001) (holding that "there is no *Rhynes* error because the jury was unambiguously instructed that a conspiracy conviction could be based only upon a finding—as charged by the government in the indictment—that appellants conspired to distribute or possessed with intent to distribute cocaine hydrochloride *and* cocaine base"). Furthermore, our review of the record leads us to conclude that the evidence supports a construction of the verdict that the jury based the conspiracy conviction on crack cocaine, cocaine, and marijuana. *Id.* Thus, because the jury verdict was unambiguous, we find that "the district court did not err in sentencing appellants based upon the relevant penalty provisions for cocaine base." *Id.*

## II.

While Appellants' appeal was pending, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Because Appellants did not rely on an *Apprendi*-type argument in the district court, our review is for plain error. *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (en banc) (discussing plain error standard of review).

In applying *Apprendi* to drug offenses in §§ 841 and 846, we recently held in *Promise* that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *Id.* at 156-57 (footnotes omitted). Here, drug

quantity was not charged in the indictment or submitted to the jury. We therefore find that there was error and that the error was plain. *Id.* at 156-57, 160.

With regard to whether the plain error affected Griffin's substantial rights, we find that it did not. Griffin was convicted of multiple counts —conspiracy to distribute and to possess with intent to distribute crack cocaine, cocaine, and marijuana, and possession of an unregistered sawed-off shotgun. Griffin was exposed to a total statutory maximum prison term of thirty years. *United States v. Angle*, 254 F.3d 514, 518-19 (4th Cir. 2001) (en banc); *United States v. White*, 238 F.3d 537, 542-43 (4th Cir.), *cert. denied*, 121 S. Ct. 2235 (2001); *see* 21 U.S.C.A. § 841(b)(1)(C) (providing for maximum sentence of twenty years for conviction involving unspecified amount of drugs); 26 U.S.C. § 5871 (1994) (providing for ten-year statutory maximum for possession of unregistered shotgun). Because Griffin's 292-month sentence did not exceed the thirty-year statutory maximum, we find that Griffin cannot "demonstrate that [his] sentence is 'longer than that to which he would otherwise be subject.'" *Cotton*, 2001 WL 901259, at *3 (quoting *Angle*, 254 F.3d at 518).

Unlike Griffin, we find that the plain error affected Miles', Holton's, Golett's, and White's substantial rights. Because a specific threshold drug quantity was not charged in the indictment and submitted to the jury, the maximum sentence to which Miles, Golett, Holton, and White were subject was twenty years. *See Promise*, 255 F.3d at 157; 21 U.S.C.A. § 841(b)(1)(C). Because Golett's 292-month sentence, Miles' 324-month sentence, Holton's 360-month sentence, and White's life sentence exceeded the twenty-year statutory maximum, we find that the error affected these Defendants' substantial rights. *Promise*, 255 F.3d at 160. We also find that Clark's substantial rights were affected because his 360-month sentence exceeded the twenty-five-year statutory maximum to which he was subject on his two drug convictions. *Angle*, 254 F.3d at 518-19; *White*, 238 F.3d at 542-43; *see* 21 U.S.C.A. § 841(b)(1)(C); 21 U.S.C.A. § 841(b)(1)(D) (providing for five-year maximum for offense involving up to fifty kilograms of marijuana).

Having concluded that there was plain error that affected the substantial rights of Miles, Holton, Golett, White, and Clark, we exercise

our discretion to notice the error in their sentences. The indictment charged Appellants with conspiring to distribute an unspecified quantity of crack cocaine, cocaine, and marijuana, *see* 21 U.S.C.A. § 841(b)(1)(C), but Miles, Golett, Holton, White, and Clark "received a sentence for a crime—an aggravated drug trafficking offense under section 841(b)(1)(A)—with which they were *neither* charged *nor* convicted." *Cotton*, 2001 WL 901259, at *3. Thus, we vacate these sentences and remand for the district court to resentence Clark, Miles, Golett, Holton, and White consistent with *United States Sentencing Guidelines Manual* §§ 5G1.1(a), 5G1.2(d) (2000), and *White*, 238 F.3d at 543.

### III.

Appellants' remaining contentions on appeal need not detain us long. Contrary to Golett's assertion that the district court should have adjusted his base offense level by two levels under *United States Sentencing Guidelines Manual* § 3B1.2(b) (1998), based upon his role in the offense, we find no clear error in the district court's refusal to do so. *United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000) (stating standard of review); *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999) (determining whether § 3B1.2 adjustment was warranted not limited to how defendant's conduct compares with that of other participants but also involves whether conduct was material or essential to committing offense), *cert. denied*, 528 U.S. 1177 (2000).

Next, White contends that the district court erred in refusing to order a retrospective evaluation to determine whether he was competent at the time of trial. Our review of the record leads us to conclude that the court did not clearly err. *United States v. Lebron*, 76 F.3d 29, 32 (1st Cir. 1996) (stating standard of review); *cf. United States v. Cox*, 964 F.2d 1431, 1433 (4th Cir. 1992) (reviewing for clear error a competency determination under 18 U.S.C. § 4246). Taking the record as a whole, the evidence before the district court established that there was no reasonable cause to believe that White was not competent at the time of trial. *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995) (providing standard). We therefore find that White is not entitled to relief on this claim.

Appellants, except White, also contend that the district court erred in denying their motions for a new trial. Because Appellants do not

challenge the district court's finding that the motions for new trial were untimely filed, we find that Appellants have abandoned the timeliness issue on appeal by failing to provide argument in their brief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued on appeal are deemed abandoned). We therefore decline to consider their claims.

Finally, Appellants contend that the district court should not have admitted testimony from the Government's witnesses who were seeking a reduction in sentencing based upon their cooperation. Appellants' claim is foreclosed by our decision in *United States v. Richardson*, 195 F.3d 192, 197 (4th Cir. 1999) (holding that "the government does not violate § 201(c)(2) by granting immunity or leniency or entering into plea agreements to obtain testimony"), *cert. denied*, 528 U.S. 1096 (2000). Thus, we find that the district court did not abuse its discretion in admitting the witnesses' testimony. *United States v. Ward*, 171 F.3d 188, 194 (4th Cir.), *cert. denied*, 528 U.S. 855 (1999) (stating standard of review).

## IV.

Accordingly, we affirm Appellants' convictions and Griffin's sentence. We vacate the remaining five Defendants' sentences and remand for resentencing consistent with USSG §§ 5G1.1(a), 5G1.2(d), and *White*, 238 F.3d at 243. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*