**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Corey ANGLE, Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**James Edward Phifer, a/k/a Rick
Daye, Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**James Edward Phifer, a/k/a Rick
Daye, Defendant–Appellant.**

**Nos. 96–4662, 96–4672, 99–4187.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 27, 2001.

Decided June 29, 2001.

**ARGUED:** Thomas Franklin Loflin, III, Loflin & Loflin, Durham, NC, for Appellant Angle; Robert Adams Blake, Jr., Law Offices of James F. Wyatt, III, Charlotte, NC, for Appellant Phifer. Nina Swift Goodman, United States Department of Justice, Washington, DC, for Appellee. **ON BRIEF:** James F. Wyatt, III, Law Offices of James F. Wyatt, III, Charlotte, NC, for Appellant Phifer. Mark T. Calloway, United States Attorney, Frank D. Whitney, Assistant United States Attorney, Charlotte, NC, for Appellee.

Before WILKINSON, Chief Judge, and WIDENER, WILKINS, NIEMEYER, LUTTIG, WILLIAMS, MICHAEL, DIANA GRIBBON MOTZ, TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed in part and vacated and remanded in party by published opinion. Judge WILKINS wrote the opinion, in which Judges WIDENER, WILLIAMS, MICHAEL, MOTZ, TRAXLER, and KING joined. Chief Judge WILKINSON wrote an opinion concurring in part and concurring in the judgment. Judge NIEMEYER wrote an opinion concurring in the judgment, in which Judge GREGORY joined. Judge LUTTIG wrote an opinion concurring in the judgment.

## OPINION

WILKINS, Circuit Judge:

We are convened en banc to consider challenges by Corey Angle and James Edward Phifer (collectively, "Appellants") to their sentences pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For the reasons set forth below, we conclude that neither Appellant has demonstrated plain error with respect to his *Apprendi* challenge.

### I.

Evidence at trial established that Appellants supplied various drug dealers in the area of Statesville, North Carolina, with cocaine and cocaine base. Phifer supplied dealers with varying amounts of narcotics, ranging from a few ounces to several kilograms. Angle operated on a more limited scale, providing dealers with only a few ounces at a time. Based upon the evidence presented at trial, Appellants were convicted of conspiracy to possess with the intent to distribute and to distribute cocaine and cocaine base, *see* 21 U.S.C.A. § 846 (West 1999); Phifer was additionally

convicted of two counts of money laundering, *see* 18 U.S.C.A. § 1956(a)(1)(B)(i) (West 2000). The drug trafficking count of the indictment did not allege a specific quantity of narcotics, and the jury was not instructed to make a finding regarding the quantity of drugs involved in the conspiracy.

Appellants were sentenced as follows. In calculating Angle's sentencing range pursuant to the *U.S. Sentencing Guidelines Manual* (1995), the district court did not make specific findings regarding the amount of narcotics attributable to Angle. Rather, the court simply stated that "[o]n examination of the evidence and the preponderance thereof, the Court finds the amount of drugs attributable to [Angle] in this matter would give him a [base offense] Level 34." J.A. 456; *see* U.S.S.G. § 2D1.1(c)(3). Additional calculations resulted in a guideline range of 210–262 months imprisonment. The district court imposed a sentence of 210 months.

The district court determined that Phifer was responsible for at least 29 kilograms of cocaine and 3 kilograms of cocaine base, resulting in a base offense level of 38 for the drug trafficking conviction. *See* U.S.S.G. § 2D1.1(c)(1). Further guideline calculations resulted in a guideline range of 292–365 months imprisonment. The district court imposed a sentence of 292 months on the drug trafficking conviction and concurrent sentences of 240 months on each of the money laundering convictions.

Angle and Phifer subsequently appealed, raising numerous challenges to their convictions and sentences. While the appeal was pending, the Supreme Court issued its decision in *Apprendi*. Based on *Apprendi*, Appellants argued for the first time on appeal that the district court erred in failing to treat as an element the specific quantity of narcotics involved in the of-

fense. A panel of this court agreed, holding that because a specific quantity of narcotics was not charged in the indictment, Appellants were subject to a maximum penalty of 20 years imprisonment pursuant to 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2001). *See United States v. Angle*, 230 F.3d 113, 123 (4th Cir.2000). The panel determined that Phifer's sentence of 292 months exceeded this maximum and was therefore erroneous under *Apprendi;* accordingly, the panel vacated Phifer's sentence and remanded for resentencing to no more than 20 years imprisonment. *See id.* at 124. Because Angle's sentence of 210 months was less than the applicable maximum penalty, the panel found no error under *Apprendi. See id.* at 123. The panel nevertheless vacated Angle's sentence and remanded for more specific fact finding regarding the quantity of narcotics attributable to him. *See id.* at 124–25. The panel rejected the remainder of Appellants' challenges.

We subsequently voted to vacate the panel decision and rehear the appeal en banc along with the appeal in *United States v. Promise*, 255 F.3d 150, also decided today. For the reasons set forth below, we hold that neither Appellant has demonstrated plain error with respect to his challenge under *Apprendi.* We adopt the opinion of the panel regarding all other issues. Accordingly, we affirm Appellants' convictions and Phifer's sentence; however, we vacate Angle's sentence and remand for more specific fact finding regarding the amount of drugs attributable to him for sentencing purposes.

## II.

Because neither Angle nor Phifer objected at trial to the failure of the district court to treat specific threshold drug quantities as elements of aggravated drug trafficking offenses,[1] our review is for plain error.

■ *See* Fed.R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In order to demonstrate plain error, Appellants must show that an error occurred, that the error was plain, and that the error affected their substantial rights. *See Olano*, 507 U.S. at 732, 113 S.Ct. 1770; *United States v. Jackson*, 124 F.3d 607, 614 (4th Cir.1997). Even if Appellants can satisfy these requirements, correction of the error remains within our discretion, which we "should not exercise ... unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 732, 113 S.Ct. 1770 (second alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)).

Before turning to our consideration of whether Appellants can satisfy the requirements of plain error analysis, we pause to reiterate the relevant conclusions reached in *Promise*. In *Promise*, we held that *Apprendi* mandates that specific threshold drug quantities be treated as elements of aggravated drug trafficking offenses. *See United States v. Promise*, 255 F.3d 150, —— (4th Cir.2001). We further held that the district court plainly erred in failing to do so. *See id.* at ——.

---

1. "Specific threshold drug quantities" are those quantities of drugs set forth in 21 U.S.C.A. § 841(b)(1)(A), (b)(1)(B), a finding of which subjects a defendant to a sentence of ten years to life imprisonment (§ 841(b)(1)(A)) or five to 40 years imprisonment (§ 841(b)(1)(B)). *See United States v. Promise*, 255 F.3d 150, 152 n. 1 (4th Cir.2001) (en banc).

An "aggravated drug trafficking offense" is one that involves a specific threshold drug quantity. *See id.*

## A.

■ Turning first to Angle's challenge, we conclude that he cannot demonstrate any *Apprendi* error committed by the district court. Angle was charged with conspiring to possess with the intent to distribute and to distribute "a quantity of cocaine and cocaine base," J.A. 52, and he does not dispute that the jury was properly charged as to the elements of this offense. Accordingly, Angle was charged with, and convicted of, conspiring to commit an offense involving an unspecified quantity of drugs. Because Angle's sentence of 210 months is less than the maximum penalty authorized by the facts found by the jury (240 months, *see* 21 U.S.C.A. § 841(b)(1)(C)), there was no error.

## B.

■ We next consider Phifer's claim. Phifer was charged in the same indictment as Angle with conspiring to traffic in an unspecified quantity of drugs. Unlike Angle, however, Phifer was sentenced by the district court to a term of imprisonment greater than the 20–year maximum penalty authorized by the facts found by the jury. As we held in *Promise*, the district court thus committed plain error.

We hold, however, that Phifer cannot demonstrate that the error affected his substantial rights. *See Olano*, 507 U.S. at 734, 113 S.Ct. 1770. In order to make such a showing, Phifer must demonstrate that the error was prejudicial, *i.e.*, that it "actually affected the outcome of the proceedings." *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir.1998). Thus, Phifer must establish that his 292–month sentence was longer than that to which he would otherwise be subject.

Phifer does not posit any way in which the error here, unlike a similar error in *Promise*, affected his substantial rights, and we can see none.[2] This is so because the grand jury indicted, and the petit jury convicted, Phifer of three crimes, exposing him to a total statutory maximum prison term of 60 years. In the case of multiple counts of conviction, the sentencing guidelines instruct that if the total punishment mandated by the guidelines exceeds the statutory maximum of the most serious offense of conviction, the district court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment. *See* U.S.S.G. § 5G1.2(d). For example, suppose a defendant is convicted of three offenses, each with a statutory maximum term of five years (60 months) imprisonment. If the district court determines that the appropriate sentence under the guidelines is 156 months, § 5G1.2(d) requires the imposition of consecutive terms on each count of conviction until the guideline punishment is achieved.

Applying these principles here, we conclude that Phifer's substantial rights were not affected by the imposition of a 292–month term of imprisonment on the drug trafficking conviction. Had the district court been aware when it sentenced Phifer that the maximum penalty for his drug trafficking conviction was 20 years, § 5G1.2(d) would have obligated it to achieve the guideline sentence of 292 months imprisonment by imposing a term of imprisonment of 240 months or less on each count of conviction and ordering those terms to be served consecutively to achieve the total punishment mandated by the guidelines. *See United States v. Sturgis*, 238 F.3d 956, 960–61 (8th Cir.2001)

---

2. Of course, if a defendant, in circumstances like Phifer's, could demonstrate that a refusal to vacate his sentence and order resentencing could in some way affect his substantial rights, that would present a different case.

(holding that appellant was not prejudiced by imposition of sentence greater than statutory maximum because he was convicted of multiple counts and U.S.S.G. § 5G1.2(d) would have obligated the district court to achieve the same sentence through imposition of consecutive sentences); *United States v. White,* 238 F.3d 537, 542–43 (4th Cir.2001) (same); *United States v. Page,* 232 F.3d 536, 544–45 (6th Cir.2000) (same), *cert. denied,* —— U.S. ——, 121 S.Ct. 1389, 149 L.Ed.2d 312 (2001); *see also United States v. Smith,* 240 F.3d 927, 930 (11th Cir.2001) (per curiam) (holding that imposition of sentences greater than statutory maximum on each of three counts did not affect appellants' substantial rights because the sentences imposed did not "exceed the aggregate statutory maximum for the multiple convictions"); *cf. United States v. White,* 240 F.3d 127, 135 (2d Cir.2001) (rejecting *Apprendi* challenge to imposition of consecutive sentences under § 5G1.2(d) because "the district court did not exceed the maximum for any individual count" and because there is "no constitutionally cognizable right to concurrent, rather than consecutive, sentences").

*Apprendi* does not foreclose this result. Charles Apprendi "pleaded guilty to two counts (3 and 18) of second-degree possession of a firearm for an unlawful purpose and one count (22) of the third-degree offense of unlawful possession of an antipersonnel bomb." *Apprendi,* 530 U.S. at 469–70, 120 S.Ct. 2348 (citations omitted). Although the maximum penalty for each second-degree offense was 10 years, the trial court imposed a sentence of 12 years on count 18 pursuant to a finding, by a preponderance of the evidence, that Apprendi had a racially biased purpose in committing the offense. *See id.* Apprendi maintained that this increase in the maximum sentence violated his rights under the Due Process Clause. *See id.* Before

the Supreme Court, the State of New Jersey argued that there was no error because the trial court could have achieved the same total sentence by imposing consecutive sentences on counts 3 and 18. *See id.* at 474, 120 S.Ct. 2348. The Supreme Court rejected this argument, reasoning that "[t]he constitutional question ... is whether the 12 year sentence imposed on count 18 was permissible, given that it was above the 10 year maximum for the offense charged in that count." *Id.*

*Apprendi* is not controlling. In the above-quoted passage, the *Apprendi* Court rejected New Jersey's argument that there was no error in Apprendi's sentence because the trial court could have imposed the same sentence even without a finding of racial bias. Here, in contrast, we have already concluded that there was error, and the only question is whether Phifer can demonstrate that the error prejudiced him. *See Page,* 232 F.3d at 545. For the reasons discussed above, he cannot make such a showing.

### III.

■ For the reasons set forth above, we conclude that neither Appellant has demonstrated plain error with respect to his challenge under *Apprendi.* As noted previously, we adopt the panel's resolution of the remaining issues; consistent with the panel's conclusion that the district court did not make adequate factual findings regarding the quantity of drugs attributable to Angle, we vacate his sentence and remand for further proceedings, noting that on remand the district court may not impose a term of imprisonment greater than 240 months. Otherwise, we affirm.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART.*

WILKINSON, Chief Judge, concurring in part, and concurring in the judgment:

I vote to affirm both Angle's and Phifer's convictions and Phifer's sentence. I agree also that Angle's sentence should be remanded for more specific fact finding on the quantity of drugs attributable to him for sentencing purposes.

I write separately to reiterate my position in *United States v. Promise*, 255 F.3d 150 (4th Cir.2001) (en banc) (Wilkinson, C.J., concurring in part, and concurring in the judgment), that 21 U.S.C. § 841(b) establishes a graduated sentencing scheme in which life imprisonment constitutes the maximum penalty. Thus, no *Apprendi* error occurred in either Angle's or Phifer's case.

Even if I were to assume that some plain error had occurred, I do not believe that Phifer's substantial rights were affected for two independent reasons. *See United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (holding that a plain error not raised at trial cannot be corrected by an appellate court unless it affects substantial rights). One reason is that spelled out by Judge Wilkins in his opinion today and previously in *United States v. White*, 238 F.3d 537, 542–43 (4th Cir.2001). The second is that the evidence of drug quantity was more than sufficient to justify the sentence Phifer received. *See Promise*, 255 F.3d at —— (Wilkinson, C.J., concurring in part, and concurring in the judgment).

NIEMEYER, Circuit Judge, concurring in the judgment:

Corey Angle was charged and convicted on one count of conspiracy to traffic in an unspecified amount of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court sentenced Angle to 210 months imprisonment. Even under the interpretation of § 841 that Judge Wilkins' opinion adopts—an interpretation with which I do not agree—there would be no error under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in sentencing Angle to 210 months imprisonment. *See United States v. Kinter*, 235 F.3d 192, 201–02 (4th Cir.2000). I agree, however, that a remand is necessary for factual findings on drug kind and quantity.

James Phifer was charged for drug trafficking in the same manner and for the same offense as was Angle. In addition, Phifer was charged and convicted of two counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The district court sentenced Phifer to 292 months imprisonment for the drug-trafficking count and to two concurrent 240–month terms of imprisonment for the money laundering counts. Even if the 292–month sentence was thought to be error under *Apprendi* because it exceeded the 240 month maximum for a conviction involving an unspecified amount of cocaine and cocaine base, that error should not be noticed under plain-error principles because it did not affect Phifer's substantial rights. The Sentencing Guidelines require that the three sentences be imposed consecutively to achieve the 292–month sentence. *See* U.S.S.G. § 5G1.2(d); *United States v. White*, 238 F.3d 537, 542–43 (4th Cir.2001). Therefore, I would affirm the judgment in Phifer's case.

I agree that on the other issues in these appeals, the panel opinion disposed of them properly.

Accordingly, I concur in the judgment.

Judge Gregory has authorized me to indicate that he joins this opinion.

LUTTIG, Circuit Judge, concurring in the judgment:

I would affirm both Angle's and Phifer's convictions and Phifer's sentence for the

reasons set forth in my opinion in *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc) (Luttig, J., concurring in the judgment). However, I do agree that Angle's sentence should be remanded for more specific fact finding on the quantity of drugs attributable to him for sentencing purposes, and that the panel opinion properly disposed of the other issues presented in these appeals.