UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JUANITA E. LAWSON,
*Defendant-Appellant.*

No. 00-4665

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WADE CUTCHEN, a/k/a Tool Man,
*Defendant-Appellant.*

No. 00-4685

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CURTIS D. DAVIS,
*Defendant-Appellant.*

No. 00-4700

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ORRIS L. AVENT, a/k/a Junie Red,
*Defendant-Appellant.*

No. 00-4861

Appeals from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CR-99-55)

Submitted: June 29, 2001

Decided: August 10, 2001

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James S. Ellenson, ELLENSON LAW OFFICE, Newport News, Virginia; Larry M. Dash, Newport News, Virginia; Terry N. Grinnalds, Hampton, Virginia; Robert E. Long, LAW OFFICE OF ROBERT E. LONG, Hampton, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Juanita Lawson, Wade Cutchen, Curtis Davis, and Orris Avent were convicted by a jury of conspiracy to possess with intent to distribute and distribute 1000 grams or more of heroin and 500 grams

or more of cocaine, and related substantive counts. Although the indictment alleged drug quantity and type, the jury was instructed that, to convict the defendants of conspiracy, the jurors need not find that the Government had proved the exact drug amounts alleged in the indictment. Lawson was sentenced to a term of 360 months imprisonment. Cutchen received a sentence of 324 months. Davis was sentenced to 300 months, and Avent was sentenced to 236 months imprisonment. We affirm.

All four defendants challenge their sentences on the ground that the drug quantities used to compute their sentences were not submitted to the jury and proved beyond a reasonable doubt, thus violating the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that, other than the fact of a prior conviction, any fact that increases the statutory maximum penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt). We have since held that drug quantity and type are elements of an offense under 21 U.S.C.A. § 841 (West 1999). *United States v. Promise*, ___ F.3d ___, 2001 WL 732389 (4th Cir. June 29, 2001) (en banc); *United States v. Angle*, ___ F.3d ___, 2001 WL 732124 (4th Cir. June 29, 2001) (en banc). Because the district court failed to treat the "specific threshold drug quantities" that trigger enhanced sentences under § 841(b)(1)(A) or (b)(1)(B) as elements of the offense, 240 months is the statutory maximum sentence for the defendants' conspiracy offense. *Promise*, 2001 WL 732389 at *1 & n.1. Avent's 236-month sentence was thus not erroneous under *Apprendi*.

Defendants Lawson, Cutchen, and Davis received sentences of more than 240 months imprisonment and preserved the *Apprendi* issue for appeal by raising it at their respective sentencing hearings. Because the district court failed to submit the element of drug quantity to the jury, the imposition of more than the statutory maximum of 240 months was error. *Id.* Failure to instruct the jury on an element of the offense is not structural error and may be harmless, however, if it does not affect substantial rights. *Neder v. United States*, 527 U.S. 1, 7, 15 (1999); *United States v. Stewart*, ___ F.3d ___, 2001 WL 760262, at *16 (4th Cir. July 6, 2001). The test for determining whether a non-structural constitutional error is harmless is "whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Neder*, 527 U.S. at 15.

Our review of the testimony presented at trial discloses that the Government introduced overwhelming evidence of the defendants' involvement with quantities of heroin that were greater than the quantities of heroin charged in the indictment, and for Lawson and Davis, with larger quantities of cocaine as well. At their respective sentencing hearings, the defendants contested the quantity of drugs attributed to them principally by arguing that Alonzo Wooten, the Government's chief witness, was not credible. They conceded that, if Wooten's testimony were accepted, the Government had proved the amounts charged in the indictment. An appeals court does not review the credibility of witnesses when assessing the sufficiency of the government's evidence. *United States v. Hobbs*, 136 F.3d 384, 390 n.11 (4th Cir. 1998). We conclude that the evidence of drug quantity was overwhelming, and thus, it appears beyond a reasonable doubt that the failure to submit drug quantity to the jury did not affect the outcome of the trial and did not affect the defendants' substantial rights.

Moreover, because the defendants were convicted of multiple drug offenses, had the district court recognized that the maximum sentence was 240 months, it would have been required under *U.S. Sentencing Guidelines Manual* § 5G1.2(d) (2000), to impose consecutive sentences to the extent necessary to achieve the guideline sentence. We have held that, in this circumstance, a defendant's substantial rights are not violated by the imposition of consecutive sentences. *Stewart*, 2001 WL 760262, at *20; *Angle*, 2001 WL 732124, at *3-4; *White*, 238 F.3d at 543. In sum, we find no basis for holding that the failure to submit drug quantity to the jury was anything but harmless error.

Defendants also claim that the district court's failure to submit the issue of drug quantity to the jury requires a new trial. Defendants moved for a new trial in the district court, but their motions were denied. We review the district court's decision for abuse of discretion. *United States v. Singh*, 54 F.3d 1182, 1190 (4th Cir. 1995). Under Federal Rule of Criminal Procedure 33, the district court may grant a new trial "if the interests of justice so require." Because the defendants were properly sentenced for the conspiracy of which they were convicted, the interests of justice do not require that they be retried. *Cf. United States v. Obi*, 239 F.3d 662, 667 (4th Cir. 2001), *petition for cert. filed*, May 8, 2001 (No. 00-9843).

Defendants next contend that the sentencing guidelines are unconstitutional under *Apprendi* in that they permit sentence enhancements based on judicial fact findings by a preponderance of the evidence, and consequently abridge various due process rights. We rejected this argument in *United States v. Kinter*, 235 F.3d 192, 198-202 (4th Cir. 2000) (holding that there is no constitutional infirmity in district court's finding, by a preponderance of the evidence, facts relating to sentence imposed within the statutory range), *cert. denied*, 121 S. Ct. 1393 (2001).

Raising the issue for the first time on appeal, Avent maintains that the government's use of witnesses who were under threat of prosecution or were seeking a reduction in sentencing based upon their cooperation violated his due process rights and that such evidence should not be considered in determining the sufficiency of the evidence supporting his convictions for Count 1 and Count 22. He relies on the federal bribery statute, 18 U.S.C.A. § 201(b)(3), (c)(2) (West 2000),* but acknowledges that he has no legal support for his argument. We have held that "the government does not violate § 201(c)(2) by granting immunity or leniency or entering into plea agreements to obtain testimony." *United States v. Richardson*, 195 F.3d 192, 197 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096 (2000). Nor is the government prevented from using testimony from a paid informant. *United States v. Anty*, 203 F.3d 305, 308-10 (4th Cir.), *cert. denied*, 121 S. Ct. 131 (2000). Thus, the district court did not plainly err in admitting the testimony of the Government's witnesses. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (providing standard).

Finally, Avent challenges the sufficiency of the evidence supporting his conviction on Counts 18-21 for distribution of heroin and cocaine. Our review of the record discloses that substantial evidence supported the convictions. *See United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc) (stating standard).

We therefore affirm the defendants' convictions and sentences. We dispense with oral argument because the facts and legal contentions

---

*Title 18, § 201(b)(3) prohibits giving or promising anything of value with intent to influence testimony. Section 201(c)(2) prohibits giving or promising anything of value in return for testimony.

are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*