# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

WARREN BOARDLEY, a/k/a Black,
  *Defendant-Appellant.*

No. 01-6701

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-88-386-JFM)

Submitted: August 31, 2001

Decided: October 3, 2001

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Warren Boardley, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Warren Boardley appeals the district court's orders denying his motion filed pursuant to former Fed. R. Crim. P. 35(a)[1] and denying his motion for reconsideration. We affirm.

Boardley pleaded guilty to racketeering, 18 U.S.C. §§ 1961, 1962(c) (Count One); a RICO violation, 18 U.S.C. §§ 1961, 1962(d) (Count Two); conspiracy to distribute heroin and cocaine, 21 U.S.C. § 846 (Count Three); and conspiracy to defraud the United States, 18 U.S.C. § 371 (Count Four). The district court sentenced Boardley to twenty years on Count One; seven years on Count Two, to run consecutively to the sentence on Count One; and twenty years on Count Three, to run consecutively to the other two sentences. A five-year sentence on Count Four runs concurrently with the sentence on Count One.

In his motion, Boardley attacked his convictions and sentences on Counts One, Two, and Three. The district court denied relief, and Boardley timely appealed.

To the extent that Boardley seeks to challenge his convictions, former Rule 35 is limited to correction of an illegal sentence, not an illegal conviction. *See Hill v. United States*, 368 U.S. 424, 430 (1962). Thus, Boardley should challenge his convictions in a 28 U.S.C.A. § 2255 (West Supp. 2001) motion.

Boardley contests his sentences on Counts One and Two. He mistakenly believes that those convictions were for the same offense and that the corresponding sentences exceed the statutory maximum penalty to which he was exposed. Courts have upheld convictions under both 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d), finding that the statutes encompass different criminal conduct. *United States v. Coonan*, 938 F.2d 1253 (2d Cir. 1991); *United States v. Pungitore*, 910

---

[1]Because the offenses occurred prior to November 1, 1987, former Rule 35(a) applies.

F.2d 1084, 1115 (3rd Cir. 1990). Here, Boardley was exposed to a maximum penalty of forty years—twenty years on each count—for his violation of the two statutes. *See* 18 U.S.C. § 1963. Contrary to Boardley's claim, his total twenty-seven-year sentence on Counts One and Two was within the statutory maximum.

Boardley also contends that his twenty-year sentence on Count Three violated the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Assuming without deciding that an *Apprendi* claim is cognizable in a motion brought under former Rule 35(a), there was no *Apprendi* violation. Boardley pleaded guilty to violating 21 U.S.C. § 846. The indictment did not allege a specific drug quantity for which Boardley was responsible. Therefore, the maximum penalty to which he was subject was twenty years. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Angle*, 254 F.3d 514, 517-18 (4th Cir. 2001) (en banc).[2]

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*

---

[2]We note that the maximum penalties under 18 U.S.C. § 1963 and 21 U.S.C. § 841(b)(1)(C) have remained unchanged since Boardley's convictions.