**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 00-4031**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STANLEY LOCKHART,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-99-63-V)

─────────────

Submitted:  August 15, 2000        Decided:  October 22, 2001

─────────────

Before WILKINS, LUTTIG, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Mark T. Calloway, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stanley Lockhart pled guilty to one count of possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). On appeal, Lockhart contends that the district court erred by accepting his guilty plea in light of evidence that he was incompetent to plead guilty. Finding no reversible error, we affirm.[*] The record offers no evidence that Lockhart was incompetent; his failure to provide assistance to authorities in anticipation of a sentence reduction is not, in itself, evidence of competence. The district court complied with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy, and was not under any obligation to make further inquiries as to Lockhart's competence to plead guilty.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We have considered the affect of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and find that, because Lockhart received a sentence of imprisonment and term of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. <u>See</u> <u>United States v. Promise</u>, 255 F.3d 150 (4th Cir. 2001) (en banc); <u>United States v. Angle</u>, 254 F.3d 514 (4th Cir. 2001) (en banc).