UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

BELTON HARRIS, JR., a/k/a Lett,
*Defendant-Appellant.*

No. 01-4115

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-99-1055)

Submitted: October 10, 2001

Decided: October 24, 2001

Before WILKINS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William N. Nettles, Columbia, South Carolina, for Appellant. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Belton Harris was convicted pursuant to his guilty plea of two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (West 1999 & Supp. 2001). Harris' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he represents there are no arguable issues of merit in this appeal. Nevertheless, in his brief counsel addressed the possibility of illegal sentencing under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Harris was notified of his right to file a supplemental brief and responded with a letter reiterating counsel's arguments.

The district court sentenced Harris to a 188 month term of imprisonment to run concurrently on both counts based upon its findings that he distributed a total of 27.6 grams of cocaine base. Harris claims the failure of the district court to treat the drug quantities as an element of the offense to be presented to the jury and proven beyond a reasonable doubt violated *Apprendi*. We find Harris' reliance on *Apprendi* is misplaced. Harris' sentence of 188 months does not exceed the 240 month maximum in § 841(b)(1)(C) for an "identifiable but unspecified quantity" of cocaine base. *See United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001) (en banc) (holding that statutory maximum is twenty years when drug quantity is not charged as element of offense and found by jury beyond a reasonable doubt); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc) (same).

Moreover, *Apprendi* itself specifically excludes prior convictions as an element of an offense that must be submitted to the jury and proven beyond a reasonable doubt. *See Apprendi*, 530 U.S. at 2362-63. Therefore, Harris' contention that the district court should have treated his prior convictions as elements of the offense is also meritless.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his

right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*