**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

VANCE CROSS, SR.,
            *Defendant-Appellant.*

No. 00-4279

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph Robert Goodwin, District Judge.
(CR-99-136)

Submitted: November 30, 2000

Decided: December 4, 2001

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Bradley J. Schlozman, HOWREY, SIMON, ARNOLD & WHITE, L.L.P., Washington, D.C., for Appellant. Rebecca A. Betts, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Vance E. Cross, Sr., appeals his 292-month sentence for conspiracy to possess with intent to distribute methamphetamine. Cross claims that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that the district court improperly imposed a two-level sentencing enhancement for obstruction of justice under *U.S. Sentencing Guidelines Manual* § 3C1.1 (1998). We vacate Cross' sentence and remand for re-sentencing.

Cross first contends that his sentence was imposed in violation of *Apprendi*'s requirement that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Because Cross did not raise this challenge to his sentence before the district court, he may only do so on appeal if he can demonstrate plain error. *United States v. Angle*, 254 F.3d 514, 517 (4th Cir. 2001) (citing Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993)). Consequently, in order to prevail on appeal, Cross must demonstrate that: (1) his indictment does not include the specific threshold drug quantities necessary for conviction under the aggravated drug trafficking offenses in 21 U.S.C.A. §§ 841(b)(a)(A), (B) (West 2000); (2) his resulting sentence was in excess of the statutory maximum otherwise available under § 841(b)(1)(C); (3) sentencing in this manner affected his substantial rights; and (4) this court should notice that error. *United States v. Promise*, 255 F.3d 150, 156-57, 160, 161 (4th Cir. 2001). We note that drug quantity was not charged in the indictment or presented to the jury.

Applying the plain error analysis to Cross, we find his sentence must be vacated in light of *Apprendi*. Pursuant to 21 U.S.C.A. § 841(b)(1)(C) (West 2000), Cross was exposed to a total statutory maximum prison term of twenty years. *United States v. Angle*, 254 F.3d 514, 518-19 (4th Cir. 2001) (en banc). Because the imposed 292-month sentence exceeds the applicable statutory maximum of twenty years, the error is plain. *Promise*, 255 F.3d at 156-57. With respect to the third prong of the plain error inquiry, we have found that a sen-

tence in excess of the authorized statutory maximum to which a defendant would not otherwise be subject affects his substantial rights. *Id.* Finally, we recently determined that when the sentence imposed is defective due to a fatal error in the indictment, as is the case here, this court should notice the error. *United States v. Cotton*, 261 F.3d 397, 403-04 (4th Cir. 2001). We therefore vacate Cross' sentence, and remand to the district court for re-sentencing.

We further address Cross' argument that the sentencing court erred in applying a two-level enhancement for obstruction of justice under USSG § 3C1.1. If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of his case, the Guidelines provide for a two-level increase in his base offense level. USSG § 3C1.1. A district court's factual findings concerning obstruction of justice are reviewed for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). We find no error in the district court's imposition of the enhancement.

We nonetheless vacate Cross' sentence, and remand for re-sentencing, to a sentence not to exceed twenty years. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*