UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

RONALD JOSEPH HAMILTON,
  *Defendant-Appellant.*

No. 01-4180

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-99-216-L)

Submitted: November 30, 2001

Decided: December 18, 2001

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Harold I. Glaser, LAW OFFICES OF HAROLD I. GLASER, Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, James M. Webster, III, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ronald Joseph Hamilton appeals his conviction and sentence entered pursuant to his guilty plea to Hamilton's role in a conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1994). Hamilton was arrested following a controlled delivery of more than two kilograms of cocaine sent via air mail from California to Columbia, Maryland, and intended for delivery to Hamilton through an intermediary. In this appeal, Hamilton contends that his 135-month sentence violates the precepts of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Concurrently, Hamilton suggests that the district court erred by including the 469 grams of crack cocaine discovered in Hamilton's apartment following his initial arrest in the relevant conduct used to calculate his base Offense Level for sentencing. Finding that Hamilton's sentence does not implicate the holding in *Apprendi*, and finding no error in the district court's factual determinations, we affirm Hamilton's conviction and sentence.

Hamilton's sentence of 135 months does not exceed the twenty year maximum in 21 U.S.C. § 841(b)(1)(C) (1994), for an identifiable but unspecified quantity of cocaine. *See United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc), *cert. denied sub nom.*, *Phifer v. United States*, ___ U.S. ___, 70 U.S.L.W. 3244 (U.S. Oct. 1, 2001) (No. 01-5838). Because Hamilton's sentence did not exceed twenty years, the fact that the district court determined the drug quantity based upon the preponderance of the evidence does not violate *Apprendi*. *See United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3618 (U.S. Mar. 19, 2001) (No. 00-8591); *United States v. White*, 238 F.3d 537, 542 (4th Cir.), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3755 (U.S. Jun. 4, 2001) (No. 00-9732). Neither did the district court employ an incorrect standard in determining Hamilton's relevant conduct for sentencing purposes. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999).

Accordingly, we find that there is no merit to either of Hamilton's assignments of error. Hamilton's conviction and sentence are hereby affirmed. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*