UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

RAWLE ANTHONY COLE, a/k/a Danny,
　　　　　*Defendant-Appellant.*

No. 99-4348

On Remand from the United States Supreme Court.
(S. Ct. No. 00-6520)

Submitted: November 30, 2001

Decided: December 18, 2001

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

William N. Nettles, Columbia, South Carolina, for Appellant. Scott N. Schools, United States Attorney, Marshall Prince, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rawle Anthony Cole appealed from his jury conviction and resulting life sentence plus sixty-month consecutive sentence for conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C.A. §§ 841, 846(a)(1) (West Supp. 2001) and carrying a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C.A. § 924(c), (o) (West Supp. 2001). The Supreme Court vacated our previous opinion affirming Cole's conviction and sentence and remanded for reconsideration under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We now affirm in part, vacate in part, and remand for re-sentencing.

Cole assigned error to the district court's refusal to give a multiple conspiracies instruction to the jury, arguing that the evidence did not establish a single overall conspiracy. We find that the district court did not err by denying the request that the jury be instructed on multiple conspiracies. *See United States v. Kennedy*, 32 F.3d 876, 884 (4th Cir. 1994); *United States v. Crockett*, 813 F.2d 1310, 1316-17 (4th Cir. 1987).

We do find plain error, however, in regard to Cole's sentence, vacate his sentence, and remand to the district court for re-sentencing. In his supplemental brief filed after remand, Cole contends that his sentence was imposed in violation of *Apprendi*'s requirement that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Because Cole did not raise this challenge to his sentence before the district court, he may only do so on appeal if he can demonstrate plain error. *United States v. Angle*, 254 F.3d 514, 517 (4th Cir.) (citing Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993)), *cert. denied*, 70 U.S.L.W. 3244 (U.S. Oct. 1, 2001) (No. 01-5838). Consequently, in order to prevail on appeal, Cole must demonstrate that: (1) his indictment does not include the specific threshold drug quantities necessary for conviction under the aggravated drug trafficking offenses in 21 U.S.C.A. §§ 841(b)(a)(A), (B) (West 2001); (2) his resulting sentence was in

excess of the statutory maximum otherwise available under § 841(b)(1)(C); (3) sentencing in this manner affected his substantial rights; and (4) this court should notice that error. *United States v. Promise*, 255 F.3d 150, 156-57, 160, 161 (4th Cir. 2001), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398). We note that drug quantity was not charged in the indictment or presented to the jury.

Applying the plain error analysis to Cole, we find his sentence must be vacated in light of *Apprendi*. Pursuant to 21 U.S.C.A. § 841(b)(1)(C), Cole was exposed to a total statutory maximum prison term of twenty years. *Angle*, 254 F.3d at 518-19. Because the imposed life sentence exceeds the applicable statutory maximum of twenty years, the error is plain. *Promise*, 255 F.3d at 156-57. With respect to the third prong of the plain error inquiry, we have found that a sentence in excess of the authorized statutory maximum to which a defendant would not otherwise be subject affects his substantial rights. *Id.* Finally, we recently determined that when the sentence imposed is defective due to a fatal error in the indictment, as is the case here, this court should notice the error. *United States v. Cotton*, 261 F.3d 397, 403-04 (4th Cir. 2001), *petition for cert. filed*, Oct. 31, 2001 (No. 01-687).

We therefore vacate Cole's sentence and remand for re-sentencing to a sentence not to exceed twenty years on the conspiracy count. We deny Cole's motion to file a supplemental pro se brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*