UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

RUSSELL DEMOTSIS,
  *Defendant-Appellant.*

No. 01-4223

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-99-77)

Submitted: January 18, 2002

Decided: February 8, 2002

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Russell Demotsis appeals his 136-month sentence imposed by the district court following his guilty plea, pursuant to a written plea agreement, to one count of conspiring to manufacture methamphetamine in violation of 21 U.S.C. § 846 (1994). Demotsis also seeks to file a pro se supplemental brief raising additional issues. Although we grant Demotsis' motion to file a supplemental brief and accompanying materials and have considered his arguments therein, we affirm his conviction and sentence.

Demotsis' assignments of error on appeal turn on the fact that the indictment returned against him erroneously describes methamphetamine as a Schedule III controlled substance rather than a Schedule II controlled substance. Based upon this misidentification of methamphetamine as a Schedule III controlled substance, Demotsis contends he was only eligible for the five-year statutory-maximum of § 841(b)(1)(D). Because this claim was not raised in the district court, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

We find Demotsis' arguments meritless. First, we conclude the misidentification of the proper schedule for methamphetamine is harmless error under Fed. R. Crim. P. 7(c)(3). *See United States v. Greenwood*, 974 F.2d 1449, 1472-73 (5th Cir. 1992). Second, Demotsis cannot argue he was mislead by this misidentification, as the description of the statutory penalties in his plea agreement make it clearly evident that Demotsis knowingly subjected himself to sentencing for manufacture of a Schedule II controlled substance. As a result, because Demotsis was properly subject to the twenty-year statutory maximum of § 841(b)(1)(C) for Schedule II controlled substances, despite the error in his indictment, his 136-month sentence does not implicate *Apprendi*. *See United States v. Angle*, 254 F.3d 514, 518 (4th Cir.), *cert. denied*, *Phifer v. United States*, 122 S.Ct. 309 (2001). We therefore find no plain error.

In light of the foregoing, we affirm Demotsis' conviction and sentence, and dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*