Rehearing granted, July 30, 2002

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SHANELL WILLOUGHBY; RODNEY
EDWARD WALL, a/k/a Big Rodney,
*Defendants-Appellants.*

No. 00-4105

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOHN BARRY MCLENDON,
*Defendant-Appellant.*

No. 00-4455

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WALTER HAYWOOD WILLOUGHBY,
a/k/a Big Walt,
*Defendant-Appellant.*

No. 00-4539

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-24)

Argued: February 28, 2002

Decided: April 29, 2002

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

---

Vacated and remanded in part and affirmed in part by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Jeffrey B. Welty, POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellant Walter Willoughby; Edward Anthony Fiorella, Jr., HARKEY, LAMBETH, NYSTROM, FIORELLA & MORRISON, L.L.P., Charlotte, North Carolina, for Appellant McLendon; James Ernest Gronquist, Charlotte, North Carolina, for Appellant Wall; Charles Linwood Morgan, Jr., Charlotte, North Carolina, for Appellant Shanell Willoughby. Douglas Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee. **ON BRIEF:** E. Fitzgerald Parnell, III, POYNER & SPRUILL, L.L.P., Charlotte, North Carolina, for Appellant Walter Willoughby. Robert J. Conrad, Jr., United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Shanell Willoughby, Rodney Edward Wall, John Barry McLendon, and Walter Haywood Willoughby were each indicted for and convicted of drug offenses. They now appeal their convictions and sentences.

## I.

For the purposes of this appeal only counts One and Four are relevant. Count One charged all four defendants with a drug conspiracy in violation of 21 U.S.C. § 846. More specifically, they were charged with conspiring to violate section 21 U.S.C. § 841(a)(1), by possessing with intent to distribute and by distributing "a quantity of cocaine and cocaine base," and 21 U.S.C. § 860, by possessing with intent to distribute and by distributing "a quantity of cocaine and cocaine base within 1,000 feet" of a protected area, such as school or a playground. J.A. 50. Each defendant was found guilty on that count.

Count Four charged Shanell Willoughby and Wall with "knowing[ ], willful[ ] and unlawful[ ] possess[ion] with intent to distribute a quantity of cocaine base in violation of" section 841(a)(1). J.A. 51. Both were convicted of that count.

### A.

First, we ascertain the maximum penalties that could have been imposed on defendants pursuant to Count I.

Count I charged defendants with conspiracy to violate sections 841(a)(1) and 860, all in violation of section 846. The maximum sentence for violating both sections 860 and 841(a) is the maximum under section 860 because section 841(a)(1) is a lesser included offense of section 860. *See Schmuck* v. *United States*, 489 U.S. 705 (1989) (adopting "the elements" approach to ascertaining whether an offense is a lesser included one). That is so because section 860 punishes those violations of section 841(a)(1) that are committed within 1,000 feet of protected areas.

The maximum penalty under section 860 is double the maximum penalty under section 841(a)(1). Because the indictment does not specify drug quantity and because that question was not submitted to the jury to be found beyond reasonable doubt, conviction on section 841(a)(1) subjects defendants to the maximum penalty specified in section 841(b)(1)(C), which is 20 years imprisonment, absent prior drug felony convictions. *United States* v. *Promise*, 255 F.3d 150 (4th

Cir. 2001) (en banc), *petition for cert. filed* (Sept. 20, 2001); *United States* v. *Cotton*, 261 F.3d 397 (4th Cir. 2001), *cert. granted,* 122 S. Ct. 803 (2002). Consequently, absent a prior drug felony conviction, these defendants are subject to 40 years' imprisonment for violation of section 860. Because section 846 exposes the defendants to the same penalties as the underlying substantive sections, the maximum sentence under Count One is 40 years.

Turning to Count Four, which alleges a violation of section 841(a)(1), but does not specify drug quantity, we conclude, pursuant to *Promise* and *Cotton*, that conviction on this Count subjects Wall and Shanell Willoughby to at most 20 years of imprisonment (absent prior felony drug convictions) — the maximum under section 841(b)(1)(C).

## B.

Before turning to each appellant's sentence, we address their contention, not raised below, Br. of Appellants at 17, that no instructions were given to the jury on section 860 and that the jury returned no verdict on that section. The record reveals that the whole indictment was read to the jury and that the jury received a copy of the indictment for their deliberations. J.A. 1418-21. The indictment charged defendants with the conspiracy to violate section 860. And it not only specifically stated that the offense took place within 1,000 feet of protected areas but it also listed those protected areas. J.A. 50 (charging with conspiracy to possess and distribute drugs "within 1,000 feet of a school and/or within 1,000 feet of a playground, to wit: McRae Elementary School in Morven, NC, Anson Middle School in Wadesboro, NC and The Helen Schuler Hartman Memorial Park in Jefferson, SC"), J.A. 1418-1420 (reading the indictment to the jury). After reading the indictment, the judge went on to "define certain of the[ ] terms used in the essential elements," such as "a conspiracy," "possession," "knowing" and "willful." J.A. 1421-1434. The judge also instructed the jury that if he did not "define any particular words, [the jury was to] assign to them their ordinary, everyday meanings." J.A. 1421. The jury then returned a verdict of guilty on Count One of the Indictment. J.A. 1441-44.

We assume, without deciding, that reading the indictment to the jury, accompanied by the above explanation, constituted insufficient

jury instructions. We also assume that defendants' substantial rights were affected. However, in light of the evidence introduced at trial establishing proximity, J.A. 868-73, we exercise our discretion and decline to notice the error. *Cf. Johnson* v. *United States*, 520 U.S. 461, 470 (1997) (holding, under a plain error analysis, that a failure to charge the jury with an essential element did not warrant reversal of the conviction where the evidence supporting that element was overwhelming).

### C.

Wall, convicted of both Counts One and Four, received a life sentence. The government correctly concedes that his sentence must be vacated because the maximum sentence he can receive, absent prior drug felony convictions, is 40 years for Count One and 20 years for Count Four, for a total of 60 years. *See United States* v. *Angle*, 254 F.3d 514 (4th Cir. 2001) (en banc) (allowing imposition of consecutive sentences to reach the total punishment mandated by the Guidelines). Thus, we remand for resentencing.

Walter Willoughby was convicted of Count One, receiving 30 years' imprisonment. We see no error in his sentence, as it does not exceed the maximum of 40 years, which he could have received for violating section 846.

We also find no error in Shanell Willoughby's sentence. Because she was indicted for and convicted of Counts One and Four, she was eligible for up to 60 years' imprisonment. The court imposed, however, 20 years on both counts, to be served concurrently.

McLendon was indicted on Count One. However, the Judgment Form lists section 841(a)(1), rather than section 860, as the object of the conspiracy. J.A. 1495. We believe this change occurred after the district court sustained McLendon's objection to an "enhancement"* under section 860 for distribution within 1,000 feet of a protected area, J.A. 1500. The court apparently agreed with McLendon that

---

*Not surprisingly, prior to *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000), the fact that one violated section 841(a) in a protected area was viewed as a sentence enhancement, rather than an essential element.

McRae Elementary School, being closed, no longer qualifies as a protected area, J.A. 1623 (McLendon's Response/Objections to PSR).

Because McLendon's judgment lists only section 841(a)(1), rather than section 860, and because no drug quantity was charged in the indictment or found by the jury, McLendon's sentence may not exceed the penalties under section 841(b)(1)(C). McLendon was sentenced to 27 years. McLendon's Pre-Sentence Report indicates that he has a prior felony drug conviction, J.A. 1617 (state conviction for possession with intent to sell/deliver cocaine, which resulted in 3 years imprisonment, suspended, 180 days active imprisonment). This prior conviction may render him eligible for 30 years imprisonment under section 841(b)(1)(C) if the government timely provided McLendon with a proper notice under section 851(a).

Because the record is silent on this issue, we vacate McLendon's sentence and remand to the district court to ascertain whether such notice was given. If it was, the court may enter an appropriate order, reinstating his original sentence. If it was not, the sentence should be adjusted accordingly, not to exceed 20 years.

II.

We conclude that the remaining claims are without merit. As revealed by the record, there was sufficient evidence to sustain the convictions of each defendant. There was also sufficient evidence for the district court to impose a two-level enhancement on Walter Willoughby's and McLendon's sentences under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.

Likewise, there was no error in the evidentiary rulings. The court properly refused to suppress evidence seized pursuant to a search warrant from Shanell Willoughby's and Rodney Wall's home. The court also did not abuse its discretion by refusing to admit a letter to McLendon from a cooperating co-conspirator. Finally, the court did not commit plain error in admitting Shanell Willoughby's statements to police.

## *CONCLUSION*

For the reasons stated herein, we vacate and remand for resentencing of appellants Wall and McLendon. We affirm the judgment of the district court in all other respects.

*It is so ordered.*