# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4144

PETER HENSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-99-68)

Submitted: August 20, 2002

Decided: September 4, 2002

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Peter Henson appeals his sixty-month sentence entered after remand for resentencing on his guilty plea to receiving or distributing in excess of one hundred pictures depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252 (2000). At his resentencing, Henson's guideline range was calculated at thirty-seven to forty-six months. However, because Henson had a prior conviction, he was sentenced to sixty months' imprisonment, based on the mandatory minimum under § 2252(b)(1). He now appeals the sentence, arguing that application of the mandatory minimum violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his prior conviction was not charged in the indictment.*

The Supreme Court held in *Apprendi* that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. 530 U.S. at 490. We find that *Apprendi* is inapplicable to the present case.

First, *Apprendi* specifically excluded enhancements which are based on prior convictions from its holding. *Id.* Because the mandatory minimum challenged in this case was based on Henson's prior conviction, *Apprendi* is not applicable. Second, *Apprendi* does not apply to facts which increase the mandatory minimum so long as the sentence is not extended beyond the statutory maximum. *Harris v. United States*, ___ U.S. ___, 122 S. Ct. 2406, 2414 (2002). Section 2252(b)(1) provides for a maximum sentence of fifteen years for violation of § 2252(a), where the defendant does not have a prior conviction. Since Henson was sentenced to five years, well below the statutory maximum with no enhancement, there is no *Apprendi* error. *See id.*; *see also United States v. Angle*, 254 F.3d 514, 518 (4th Cir.), *cert. denied*, 122 S. Ct. 309 (2001).

---

*Application of the mandatory minimum was not an issue at Henson's first sentencing since even the low end of his guideline range exceeded the statutory minimum.

Thus, we affirm Henson's sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*