UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                    No. 02-4345

LEONARD A. BANKS,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-00-42)

Submitted: September 23, 2002

Decided: February 7, 2003

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Cristin K. Bauby, MCGUIREWOODS, L.L.P., Richmond, Virginia,
for Appellant. Paul J. McNulty, United States Attorney, Robert E.
Trono, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Leonard A. Banks was initially convicted to eighty-seven months incarceration for possession with intent to distribute eighty-four grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii) (2000). Banks appealed, and the Government cross-appealed. On Banks' prior appeal, we affirmed his conviction but vacated his sentence and remanded for resentencing. Banks was resentenced to 135 months incarceration, 5 years supervised release, and a $100 special assessment.

Banks appeals, raising three issues. First, Banks argues his 135 month sentence is erroneous under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We review this claim for harmless error. *United State v. Stokes*, 261 F.3d 496, 499 (4th Cir. 2001). This claim is meritless. Banks cannot establish his 135 month sentence violates *Apprendi*. 21 U.S.C. § 841(b)(1)(B)-(C) (2000); *United States v. Promise*, 255 F.3d 150, 152 (4th Cir. 2001) (en banc), *cert. denied*, __ U.S. __, 122 S. Ct. 2296 (2002); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Second, Banks argues the evidence was insufficient to establish his liability for eighty-four grams of cocaine base by challenging the credibility of a Government witness. We review this claim for clear error. *United States v. Anjou*, 16 F.3d 604, 614 (4th Cir. 1994). This claim is meritless. Witness credibility is not subject to appellate review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Third, Banks argues the district court erred in allegedly denying his motion for new counsel. Because Banks failed to renew his objection when given an opportunity to do so at his resentencing hearing, we review his claim for plain error. *United States v. Bollin*, 264 F.3d 391, 419-20 & n.20 (2001). Banks has not demonstrated that the retention of his counsel affected the outcome of the proceedings in any way; the claim is therefore meritless. *United States v. Olano*, 507 U.S. 725, 734 (1993).

Accordingly, we affirm Banks' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*