UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

THOMAS EPPS,

*Defendant-Appellant.*

No. 00-4729

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-98-219)

Submitted: August 31, 2001

Decided: October 24, 2001

Before WILKINS, MOTZ, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

## COUNSEL

Sandra B. Jelovsek, Johnson City, Tennessee, for Appellant. Robert J. Conrad, Jr., United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Thomas Epps pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999), and the district court sentenced Epps to a 188-month term of imprisonment. Epps appeals, challenging the validity of his guilty plea and sentence in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). We dismiss the appeal.

In his plea agreement, Epps waived the right to appeal his conviction and sentence on all grounds, except ineffective assistance of counsel and prosecutorial misconduct—neither of which he raises on appeal. The magistrate judge accepted Epps' guilty plea at a hearing conducted in accordance with Rule 11 of the Federal Rules of Criminal Procedure. We have reviewed Epps' plea agreement, the Rule 11 colloquy, and the order accepting the plea and find that Epps made a knowing and intelligent waiver of his right to appeal. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995) (providing standard).

Although Epps asserts that his waiver is unenforceable, we disagree. Epps' 188-month sentence was within the 240-month statutory maximum under 21 U.S.C.A. § 841(b)(1)(C) (West 1999). *See United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001) (en banc) (holding that statutory maximum is twenty years when drug quantity is not charged as element of offense and found by jury beyond a reasonable doubt); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc) (same); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (holding that waiver of appeal does not prohibit appeal of a sentence imposed in excess of the statutory maximum). We therefore dismiss the appeal based upon Epps' valid and enforceable waiver of his right to appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*