UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————————

Nos. 00-4737(L)
(CR-96-739)

———————————

United States of America,

Plaintiff - Appellee,

versus

Carlos Lopez,

Defendant - Appellant.

———————————

O R D E R

———————————

The court amends its opinion filed November 26, 2001, as follows:

On the cover sheet, section 3 -- case number 00-4029 is corrected to read 01-4029.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 00-4737

CARLOS LOPEZ,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 01-4029

CARLOS LOPEZ,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-96-739)

Submitted: October 31, 2001

Decided: November 26, 2001

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Carlos Lopez, Appellant Pro Se. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carlos Lopez appeals from the amended criminal judgment order after this court vacated his sentence and remanded for re-sentencing. Lopez was convicted of distributing marijuana and conspiracy to possess with intent to distribute marijuana. Lopez proceeds pro se on appeal. Lopez has also filed an appeal from the district court's order denying his request for transcripts and several filings in the case. Finding no error, we affirm the amended judgment and order.

Lopez argues that his conviction should be vacated because the indictment was defective as it did not charge a specific quantity of marijuana, in accordance with Apprendi v. New Jersey, 530 U.S. 466 (2000). Assuming, without deciding, that Lopez was able to utilize the intervening change in law to raise an issue outside the scope of remand, see United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993), his claim fails. Because a conviction under 21 U.S.C.A. § 841(b)(1)(C) (West 1999), which carries a sentence up to 20 years for a cocaine or crack offense, may be based on any identifiable amount of cocaine or crack, this court found that an indictment charging any amount of cocaine would not be categorically defective under Apprendi. United States v. Promise, 255 F.3d 150, 160 (4th Cir. 2001), petition for cert. filed, Sept. 20, 2001 (No. 01-6398). And where the jury is similarly charged, i.e., that it must simply find that the defendant trafficked in cocaine, there is no error in the defendant's conviction under Apprendi. Id. Lopez's situation is the same with respect to marijuana and a sentence imposed under § 841(b)(1)(D). Accordingly, because both the indictment and the jury instructions charged Lopez with distribution of and conspiring to possess with intent to distribute marijuana, we conclude that Apprendi does not invalidate his conviction.

Lopez also argues that his sentence is invalid under Apprendi, because the drug amount was not charged in the indictment and

2

proven beyond a reasonable doubt. We find Lopez's reliance on Apprendi misplaced. Lopez's sentence of five years does not exceed the five year maximum in § 841(b)(1)(D) for an "identifiable but unspecified quantity" of marijuana. See Promise, 255 F.3d at 156; United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001), cert. denied sub nom., Phifer v. United States, 70 U.S.L.W. 3244 (U.S. Oct. 1, 2001) (No. 01-5838).

Lopez's last claim regarding re-sentencing is that his counsel was ineffective by failing to challenge the validity of the indictment. Claims of ineffective assistance are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We have reviewed the record for error and have found no clear ineffective assistance by trial counsel based on this claim.

Lastly, Lopez noted an appeal of the district court's December 12, 2000, order denying his motion for transcripts and copies of several of his own filings. Lopez did not pursue this claim on appeal, however. The order is not specified in the informal brief and the brief does not make any argument pertaining to it. Lopez received the transcripts and documents he requested from the district court by an order of this court after he was granted permission to proceed pro se on appeal. Because Lopez did not pursue the argument in his informal brief, it is deemed abandoned. See 4th Cir. R. 34(b) (this court limits its review on appeal to the issues raised in appellant's informal brief).

We therefore affirm the amended criminal judgment and order denying transcripts and copies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3