UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                              No. 01-4108

WAYNELY BROWN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-99-75)

Submitted: February 26, 2002

Decided: March 20, 2002

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Waynely Wray Brown appeals his jury conviction and sentence for one count of conspiracy to possess with intent to distribute "a quantity of cocaine and cocaine base" in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2001). Following his conviction, the district court sentenced Brown to 240 months of imprisonment pursuant to 21 U.S.C.A. § 841(b)(1)(C) (West 1994 & Supp. 2001). Brown, through counsel, timely appealed and Brown filed a pro se request for supplemental briefing.

Brown first claims his sentence violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his indictment lacked the alleged amount of cocaine and cocaine base as an element of the offense. Where a defendant is convicted of a drug charge, and his indictment is silent as to drug quantity, his sentence may not exceed twenty years incarceration. *See United States v. Angle*, 254 F.3d 514, 518 (4th Cir.) (en banc), *cert. denied*, ___ U.S. ___, 122 S. Ct. 309 (2001). Here, the district court properly sentenced Brown to twenty years incarceration, the maximum term of imprisonment permitted under § 841(b)(1)(C). Moreover, we find no error in Brown's sentence under *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *cert. denied*, 530 U.S. 1222 (2000).

Brown contests the district court's denial of his motion for judgment of acquittal. We have carefully reviewed the trial testimony and find substantial evidence underlying Brown's conviction and the district court's denial of his motion for judgment of acquittal. *See United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995) (setting forth standard of review).

Next, Brown claims the Assistant United States Attorney trying the case committed prosecutorial misconduct in his closing by impermissibly referring to Brown's decision not to take the witness stand and testify on his own behalf. We have examined the contested statements and find Brown's claims meritless.

Brown also avers the court committed two errors in enhancing his sentence under the Sentencing Guidelines. We review the district court's legal interpretations of the Guidelines *de novo. See United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996). We evaluate the district court's factual findings informing the sentencing decision for clear error. *See id.*

Brown first argues the court erroneously enhanced his sentence two levels for possession of a handgun during the commission of a drug-trafficking crime pursuant to United States Sentencing Guideline § 2D1.1(b)(1). The court based its ruling on trial testimony and the corresponding findings in the Pre-Sentence Report. Brown presents no evidence and little argument to support his contention. "The burden is on the defendant to show the inaccuracy or unreliability of the Pre-Sentence Report." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). Accordingly, we find the district court's ruling was proper.

Lastly, Brown objects to his three level enhancement pursuant to USSG § 3B1.1(b) for being a manager or supervisor of a five participant or otherwise extensive conspiracy. The district court's findings and rulings of law in imposing this enchantment were likewise proper.

Accordingly, we affirm Brown's sentence and conviction. We grant Brown's motion to file a pro se supplemental formal brief but deny his requests for relief as meritless. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*