**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN L. WATSON,

*Defendant-Appellant.*

No. 01-4658

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-98-356)

Submitted: August 5, 2002

Decided: August 27, 2002

Before WILKINS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Melisa W. Gay, Mt. Pleasant, South Carolina, for Appellant. J. Strom
Thurmond, Jr., United States Attorney, Robert H. Bickerton, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John L. Watson appeals his sentence imposed for conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000), and two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). Finding no reversible error, we affirm.

Watson first claims that the district court erred in imposing a three level upward adjustment for his role in the offense pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 3B1.1(b) (1998). A district court's determination of a defendant's role in the offense is a factual finding that we review for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). At sentencing, the district court heard testimony from Special Agent Thomas J. Dossett indicating that Watson was a key participant in a conspiracy to import cocaine from Nicaragua into the United States between 1993 and 1996. Watson controlled at least three couriers who would bring the drug into the United States, and took charge of getting money from the sale of the drugs back to the sources in Nicaragua. The district court also received evidence that Watson taught at least two participants in the conspiracy how to cook powder cocaine into crack. Based on this evidence, we cannot conclude that the district court committed clear error in imposing an enhancement for Watson's role in the offense.

Watson next contends that the district court erred in denying his motion for a reduction of sentence based on his alien status, and his employment history and family ties. A sentencing court's decision not to depart is not reviewable unless the court's decision is based on a mistaken view that it lacks authority to do so. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). Review is not available if the district court decides the facts and circumstances of the case do not warrant departure. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997). We find the district court recognized its authority to grant Watson's motion, but declined to do so under the circumstances. Therefore, we find that this claim is not subject to appellate review.

Finally, Watson contends that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because drug quantity was not charged in the indictment or determined by the jury beyond a reasonable doubt. Because Watson did not raise the issue below, this court reviews his claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We find that *Apprendi* is not implicated because both Watson's initial sentence of 235 months and his reduced sentence of 120 months are below the 240-month statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C) (2000). *See United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001) (en banc) (holding that the statutory maximum is twenty years when drug quantity is not charged as an element of the offense and found by the jury beyond a reasonable doubt), *cert. denied*, 122 S. Ct. 2296 (2002); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir.) (en banc) (same), *cert. denied*, 122 S. Ct. 309 (2001).

Accordingly, we affirm Watson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*