**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MICHAEL CHAMBERS,

*Defendant-Appellant.*

No. 01-4528

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-99-451)

Submitted: November 27, 2002

Decided: January 16, 2003

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

G. Arthur Robbins, G. ARTHUR ROBBINS, L.L.C., Annapolis, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, James G. Warwick, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Chambers appeals from his convictions and sentence for conspiracy to distribute and possess with intent to distribute a mixture containing heroin, in violation of 21 U.S.C. § 846 (2000); possession with intent to distribute a mixture containing cocaine base, in violation of 21 U.S.C. § 841 (2000); possession with intent to distribute a mixture containing cocaine base and heroin, in violation of 21 U.S.C. § 841; use or carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2000). Finding no error, we affirm.

Chambers challenges the district court's denial of his motion to suppress evidence discovered during a search of his vehicle conducted by Baltimore City police on September 29, 1998. The district court concluded that the Government did not sustain its burden of proving that Chambers gave his consent for the search of the vehicle he was driving. However, the court permitted introduction of the evidence from a search of the vehicle based on the inevitable discovery rule because the police would have conducted an inventory search of Chambers' vehicle after it was impounded for lack of registration.

The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). Under the inevitable discovery doctrine, information obtained by unlawful means is nonetheless admissible if the government can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means. *Nix v. Williams*, 467 U.S. 431 (1984).

Chambers argues that had he been permitted to leave the scene (because no arrest would have been made without the search of the black backpack) he would have taken the bag with him and it would

not have been in the car for the police to inventory. An inventory search of an automobile is an exception to the warrant requirement. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). For an inventory search of a vehicle to be valid: (1) the vehicle must be in lawful custody of the police; (2) the inventory search must be routine and conducted pursuant to standard police procedures; and (3) the purpose of the inventory search must be to secure the car or its contents and not to gather incriminating evidence. *United States v. Brown*, 787 F.2d 929, 931-32 (4th Cir. 1986).

An on-site inventory search, as opposed to one that is conducted at an impound lot, is permissible so long as the officer had the initial authority to impound the vehicle. *United States v. Williams*, 936 F.2d 1243, 1248-49 (11th Cir. 1991). The examination of personal property within a properly seized vehicle is proper. *See Bertine*, 479 U.S. at 372 (inventory search of backpack found in impounded vehicle is lawful); *South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976) (inventory search permissible after officer observed personal property on back seat).

There is no basis to support Chambers' hypothesis that had he not been arrested he would have left the scene with the black backpack without the officers searching it. The officers could have searched it to be certain that it did not contain anything that would pose a danger, such as a weapon, to the officers. Also, because Chambers was not a registered owner of the car, the officers could have opened the bag to ascertain the identity of the owner. *See United States v. Smith*, 3 F.3d 1088, 1096 (7th Cir. 1993). We therefore conclude that the court did not err in denying the motion to suppress.

Next, Chambers argues that the district court's jury instruction on the count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000), was error. Chambers did not object to the instruction at trial, thus the claim is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 730-32 (1993). Jury instructions are not evaluated in isolated segments, but are considered as a whole. *United States v. Cropp*, 127 F.3d 354, 360 (4th Cir. 1997); *see also Estelle v. McGuire*, 502 U.S. 62, 72 (1991) ("It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole

and the trial record.") (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). After thoroughly reviewing the jury instruction, we conclude that the instruction, when viewed in its entirely, was sufficient to correctly apprise the jury of its obligation to find that Chambers possessed the firearm in furtherance of the commission of a drug trafficking crime beyond a reasonable doubt.

Chambers challenges the sufficiency of the evidence on count III, possession with intent to distribute cocaine base on June 25, 1999, count IV, possession of a firearm in furtherance of a drug trafficking crime (as set forth in count III), and count V, possession of a firearm by a convicted felon. Chambers challenges the evidence on these counts primarily on one basis: that he did not have control or authority over the items in the middle bedroom during the June 25, 1999, residence search. He further claims that the Government did not prove that his fingerprints on the mirror with residue were not left before the mirror came in contact with the drug residue.

We review a jury verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in the light most favorable to the government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court examines whether there "is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be 'confined to cases where the prosecution's failure is clear.'" *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)).

The Government presented the testimony of several witnesses who stated that Chambers was involved with the distribution of the type of drugs found in the bedroom, and distributed them from a location not far from the house. The most relevant evidence that the cocaine

base and firearm may be attributed to Chambers is the discovery of several personal papers, including check books, in the room with the drug paraphernalia. His fingerprints were also found on the mirror with drug residue and a plastic bag containing drug packaging materials. We find that this evidence is sufficient to sustain the challenged convictions.

Chambers' counsel raised several issues on behalf of Chambers under *Anders v. California*, 386 U.S. 738 (1967). The first of these claims is that the indictment is defective as to counts I, II, and III because they allege violations of 21 U.S.C. § 841(a) (2000), but do not provide a penalty provision, and therefore there is no penal statute charged. He argues that the failure to charge the applicable penalty provision divests the federal court of jurisdiction and permitted the application of a non-existent statutory sentencing range. We find that Chambers was properly charged under 21 U.S.C. §§ 841(a), 846 (2000) and sentenced according to the penalty provisions in § 841(b).

The remaining claims raised under *Anders* involve challenges to Chambers' sentence. Chambers contends that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), not only should he be sentenced under 21 U.S.C. § 841(b)(1)(C) (2000), as the district court did, but the amount of cocaine to determine his base offense level should have just been a "detectable amount," thus bringing his offense level to twelve, instead of forty. For a cocaine base or heroin conspiracy conviction under 21 U.S.C. § 846, the statutory maximum penalty where drug quantity is not charged as an element of the offense and found by a jury beyond a reasonable doubt is twenty years. 21 U.S.C. § 841(b)(1)(C); *see e.g.*, *United States v. Angle*, 254 F.3d 514, 518 (4th Cir.) (en banc), *cert. denied*, 122 S. Ct. 309 (2001). Therefore, Chambers was properly sentenced.

Chambers contends that 21 U.S.C. § 841(a) has no sentencing provision of its own and therefore he should have been sentenced under 18 U.S.C. § 3559 (2000), thus resulting in a lower sentence. We conclude that Chambers was properly sentenced under § 841(b).

Finally, Chambers contends the supervised release portion of his sentence results in a sentence that exceeds the allowable statutory maximum. We find that Chambers was properly sentenced with a

four-year term of supervised release under 18 U.S.C. § 3583(b)(1) (2000) because count IV was a Class A felony, under which he was subject to a term of supervised release up to five years.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*