**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-4783**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARQUIS DAVIS, a/k/a Kiser, a/k/a Bear, a/k/a
MK,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (CR-02-69)

Submitted: February 19, 2004        Decided: February 24, 2004

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric B. Snyder, BAILEY & GLASSER, L.L.P., Charleston, West
Virginia, for Appellant.  Kasey Warner, United States Attorney,
Miller A. Bushong III, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marquis Davis appeals his conviction and 168-month sentence imposed pursuant to a guilty plea to one count of distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that, in his view, there are no meritorious grounds for appeal. Davis was informed of his right to file a pro se supplemental brief but did not do so. We affirm.

Counsel questions whether the district court violated the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), in accepting Davis' guilty plea and in sentencing Davis. Davis was charged with distribution of more than five grams of crack, which triggered the enhanced penalty provisions in § 841(b)(1)(B). At the plea hearing conducted pursuant to Fed. R. Crim. P. 11, the court informed Davis of the minimum and maximum penalties to which he was subject, and he stated that he understood. In addition, Davis' 168-month sentence falls within the forty-year statutory maximum and, therefore, does not implicate Apprendi. See United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001) (en banc); United States v. Kinter, 235 F.3d 192, 199-202 (4th Cir. 2000).

Next, counsel questions whether the district court erred in applying a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (2001), based upon Davis' role in the

offense. We find no plain error in the application of the enhancement given that the record supports it and, at sentencing, Davis agreed that the enhancement applied. See United States v. Osborne, 345 F.3d 281, 284 (4th Cir. 2003) (discussing standard of review).

Finally, counsel suggests that the district court should have departed downward based upon Davis' substantial assistance in the absence of a government motion. Generally, a departure for substantial assistance may not be made absent a motion by the government. United States v. Schaefer, 120 F.3d 505, 508 (4th Cir. 1997). Because the government was not obligated to make such a motion in its plea agreement with Davis, see United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000), and there is no evidence that the government refused to make the motion based upon an improper motive, see Wade v. United States, 504 U.S. 181, 185-87 (1992), we find no error in the district court's decision not to depart.

As required by Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Davis' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
