**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4834

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIME CISNEROS-GARCIA, a/k/a Marcos Jaime
Garcia, a/k/a Marco Antonio Cruz,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Richard L. Voorhees,
District Judge. (CR-03-96)

Argued: September 22, 2005        Decided: December 14, 2005

Before TRAXLER and GREGORY, Circuit Judges, and R. Bryan HARWELL,
United States District Judge for the District of South Carolina,
sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

**ARGUED:** Aaron Edmund Michel, Charlotte, North Carolina, for
Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES
ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:**
Gretchen C. F. Shappert, United States Attorney, Joshua B. Howard,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Defendant-Appellant, Jaime Cisneros-Garcia, appeals from his 125 month prison sentence for being a previously deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a)[1] and (b)(2).[2]  As explained below, we affirm Cisneros-Garcia's conviction, however, we vacate his sentence and remand for resentencing.

---

[1]Subject to subsection (b) of this section, any alien who--

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.
8 U.S.C. § 1326(a).

[2]"[I]n the case of any alien described in such subsection . . . whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both."  8 U.S.C. § 1326(b)(2).

I.

Cisneros-Garcia claims that the district judge erred in (i) denying his motion for judgment of acquittal; (ii) applying a sixteen offense level enhancement called for under the sentencing guidelines; and (iii) applying three criminal history points rather than two criminal history points.

Cisneros-Garcia's trial began on October 16, 2003. The United States called as its first witness Special Agent Jose Romero, whose testimony was used to lay the foundation of the case. On cross-examination of Romero, defense counsel, for the first time, challenged the validity of the prior deportation order and asked that the issue go to the jury as an affirmative defense. The government objected to the line of questioning and presented the district court with case law to support their position that a prior deportation is a matter of law for the court rather than the jury to decide. The district court found that, in light of his prior conviction for an aggravated felony, Cisneros-Garcia did not present evidence to support that the deportation was fundamentally unfair and sustained the government's objection.

At the close of the government's case, the defendant made a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, asserting that the government had not proven his actual deportation prior to his re-entry. The district court denied the motion. Defense counsel rested without presenting any

evidence and renewed his Rule 29 motion, which again was denied. The jury found the defendant guilty on October 17, 2003. Defense counsel made a Rule 29 motion for reconsideration "due to the ineffectiveness of counsel in failing adequately to assist [Defendant] in his defense." (J.A. 229-66.) This motion was denied.

The presentence report (PSR) assessed a base offense level of eight, with an additional sixteen level enhancement because Cisneros-Garcia had been previously deported after conviction of an aggravated felony for which the sentence imposed exceeded thirteen months. See § 2L1.2(b)(1)(A)(I). The PSR reflected a subtotal of ten criminal history points. The PSR called for two additional criminal history points because the defendant committed the new offense while on probation for a prior offense. See § 4A1.1(d). The PSR also called for an additional one criminal history point because the new offense was committed less than two years from his release for prior offenses. See § 4A1.1(e). These factors resulted in a total of thirteen criminal history points and a criminal history category of VI. The defendant opposed the §§ 4a1.1(d) and (e) three criminal history points and instead argued for two criminal history points. The district court overruled the objection.

The district court adopted an offense level of 24 and a criminal history category of VI and sentenced Cisneros-Garcia to

125 months in prison. The sentencing court also stated a provisional sentence, treating the guidelines as advisory, of the same period of months.

## II.

Cisneros-Garcia first claims that the district court erred in denying his motion for judgment of acquittal on the basis that his earlier deportation proceeding was conducted without sufficient procedural due process. He seeks to collaterally attack the validity of the underlying deportation order.

Cisneros-Garcia asserts that a warrant of removal/deportation was improperly issued and executed while the appeal of his deportation was pending. He argues that because his appeal was pending, execution of the warrant was automatically stayed pending the appeal. See 8 C.F.R. § 3.6. Consequently, he argues that while he "departed the United States" he did not do so "while an order of exclusion, deportation, or removal [was] outstanding."

An illegal alien has almost no right to remain in the United States. See Appiah v. United States, 202 F.3d 704, 709 (4th Cir. 2000). Suspension of deportation is an act of grace that rests entirely in the discretion of the Attorney General. See id. However, where a determination in an administrative proceeding is to play a critical role in a later criminal sanction, there must be some meaningful review of the administrative proceeding. See

5

<u>United States v. Mendoza-Lopez</u>, 481 U.S. 828, 837-38 (1987). "Depriving an alien of the right to have the disposition in a deportation hearing reviewed in a judicial forum requires, at a minimum, that review be made available in any subsequent proceeding in which the result of the deportation proceeding is used to establish an element of a criminal offense." <u>Id.</u> at 838. Congress codified the protections mandated by <u>Mendoza-Lopez</u> in 8 U.S.C. § 1326(d). <u>See</u> <u>United States v. Wilson</u>, 316 F.3d 506, 510 n. 1. (4th Cir. 2003). Under 8 U.S.C. § 1326(d),

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that--
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

The fundamental unfairness prong has two sub-parts. A defendant must show: (1) his due process rights were violated by defects in the underlying deportation proceeding; and (2) he suffered prejudice as a result of the defects. <u>See</u> <u>Wilson</u>, 316 F.3d at 510. A showing of prejudice requires a defendant to prove a reasonable likelihood that, but for the errors complained of, he would not have been deported. <u>See</u> <u>id.</u>

Appellant did not challenge his prior deportation before trial, but instead attempted to collaterally attack his prior

6

deportation in front of the jury. While § 1326(d) permits an alien to challenge the legality of his prior deportation order, it was not intended that the validity of a prior deportation be contestable as part of a § 1326 jury trial. Mendoza-Lopez, 481 U.S. at 836. Instead, any review of the legality of a prior deportation order should be undertaken pretrial: "The [Mendoza-Lopez] Court concluded that since lawful deportation was a material element of the statutory offense, due process required, in this limited situation, a pretrial review of whether the prior deportation order was lawful." Smith v. Ashcroft, 295 F.3d 425, 431 (4th Cir. 2002) (emphasis in original).

Appellant's effort to attack the validity of his prior deportation in front of the jury does not fit the niche carved out by Mendoza-Lopez because it did not come to the judge before trial. Having failed to present the issue to the district court before trial, the appellant waived any challenge he may have had to collaterally attack his prior deportation.

Even if Cisneros-Garcia had not waived his right to challenge the legality of his prior deportation before trial, the district judge properly denied his motion for judgment of acquittal. As discussed above, the appellant must first establish that his due process rights were violated by defects in the underlying deportation proceeding. The first step in evaluating a procedural due process claim is determining whether a constitutionally

7

protected interest has been implicated. See Tigrett v. Rector & Visitors of Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002). Appellant concedes that he was seeking a form of discretionary relief from the deportation order pursuant to § 212(c) of the Immigration and Nationality Act. However, this Court has explicitly held that there is no due process right to § 212(c) relief. See Wilson, 316 F.3d 506; Smith, 295 F.3d 425. There can be no due process violation where a defendant is not entitled to seek purely discretionary § 212(c) relief.

Appellant has also failed to show that he suffered prejudice as a result of the claimed violation. To establish prejudice a defendant must show a reasonable likelihood that but for the errors complained of, the defendant would not have been deported. See Wilson, 316 F.3d 506. This court has stated that "when an alien has a serious record of criminal activity, he must demonstrate 'unusual or outstanding' equities in order to be eligible for a favorable exercise of discretion." Id. at 511. Cisneros-Garcia had at least two prior convictions for transporting or selling narcotic controlled substances and one probation revocation at the time of his deportation proceedings. Appellant was convicted of using or being under the influence of controlled substances prior to deportation. Appellant has failed to show that he would not have been deported but for the alleged due process violations. The district court correctly concluded that defendant demonstrated no

8

equities to support a finding of prejudice and that the collateral attack was invalid.

III.

Cisneros-Garcia next claims that the district court erred in ruling that the alleged fact of a deportation following an aggravated felony is not an element of the crime; rejecting his challenge to that element; and overruling his objection at sentencing to a sixteen offense level enhancement.

As noted above, the PSR establishes a base offense level of eight and enhances this by sixteen levels based on the deportation following a conviction of a felony that is a drug trafficking offense for which the sentence imposed exceeded thirteen months. See § 2L1.2(b)(1)(A)(I). Appellant argues that this sixteen point enhancement was improper because it violates the Sixth Amendment right to a jury trial on each essential element of the crime. Appellant clarifies that his "argument is not that the federal sentencing guidelines are unconstitutional, but that the guidelines are subject to constitutional constraints including the limitation on conditions under which a statutory maximum sentence, as the concept is defined under Blakely [v. Washington, 542 U.S. 296 (2004)], may be enhanced." (Appellant's Brief p. 38-39.) Appellant further asserts that the facts do not support such a sixteen point enhancement.

Subsection (a) of 8 U.S.C. § 1326 sets forth the elements of the crime of reentry by a previously deported alien and does not include reference to an alien's criminal history. Subsection (b) of 8 U.S.C. § 1326 provides enhanced penalties for the crime and specifically addresses the sentencing consequences of a prior aggravated felony conviction. The United States Supreme Court addressed the distinction between §§ 1326 (a) and (b)(2) in Alamendarez-Torres v. United States, 523 U.S. 224 (1998). In Alamendarez-Torres the Court stated that "[i]f subsection (b)(2) sets forth a separate crime, the Government would be required to prove to the jury that the defendant was previously deported 'subsequent to a conviction for commission of an aggravated felony.'" Id. at 234-235. The Court then held that Congress had set forth a sentencing factor in subsection (b)(2) and not a separate criminal offense. See id. at 235.

Prior to his 1999 deportation, the appellant had been convicted of more than one felony drug trafficking offense. These crimes constitute aggravated felonies as defined in 8 U.S.C. § 1101(a)(43). The United States gave the appellant notice that it intended to pursue the sentencing enhancement by charging in the indictment that he was "an alien who had been previously convicted of an aggravated felony." (J.A. 14.) At trial, the appellant conceded the prior aggravated felony conviction rather than requiring the government to establish the details of his criminal

10

history before the jury. With the agreement of the district court and the appellant, the United States submitted a redacted indictment to the jury that omitted reference to the aggravated felonies. The parties redacted references to appellant's aggravated felonies in other trial exhibits as well. In light of the stipulations of the parties at trial and the documentation of appellant's criminal history prepared for the sentencing court, the district court correctly applied the sixteen level enhancement.

Additionally, we note that the Supreme Court held in Blakely that the jury trial requirement of facts that increase a criminal defendant's statutory maximum sentence does not apply to "the fact of a prior conviction." Blakely, 542 U.S. at 301. This exception was recently reaffirmed in the decision of United States v. Booker, 125 S.Ct. 738 (2005).

IV.

Appellant's last claim is that the district court erred in applying three criminal history points rather than two criminal history points.[3] Appellant argues that to add more than two points for his being found in the United States within two years of his

_____

[3]While the appellant refers to this as an "enhancement," this is not an appropriate use of the term as it is used in the Sentencing Guidelines. To determine a defendant's criminal history category under § 4A1.1, one is to add the total points from items (a) through (f). These points are not referred to as "enhancements."

release from his 2002 state conviction (§ 4A1.1(e)) would be to take judicial notice of facts not decided by the jury.[4]  In his brief appellant states:

> To attribute more to Mr. Garcia would be to take judicial notice of facts not decided by the jury, such as the alleged reentry into the United States hours after he was deported and the alleged status of being found in the United States during the three days that he was on probation in 2002 for the very same offense that gave rise to the two-point enhancement of being found in the United States on May 9, 2003, within two years of his release from this 2002 conviction.  This would appear to inflict multiple punishments for the same conduct and to result in excessive and unfair punishment.

(Appellant's Brief p. 41-42.)

The total of the appellant's criminal history points was thirteen which placed him in a criminal history category of VI.  In determining the appellant's criminal history category, the district court added two points, pursuant to § 4A1.1(d), because the defendant was on probation for Trafficking in Cocaine by Possession.  The district court also added one point, pursuant to § 4A1.1(e), because the instant offense was committed less than two years following the defendant's release from custody.[5]

---

[4]As discussed below, the district court only added one point pursuant to § 4A1.1(e), however, the appellant apparently acknowledges that under § 4A1.1(e) two points are to be added <u>unless</u> two points have already been added under item (d).

[5]As mentioned above, the appellant does not challenge the addition of this one point and apparently concedes that two points are to be added if no points are added under item (d).

When considering the appellant's challenge to the district court's application of two criminal history points pursuant to § 4A1.1(d),[6] we must determine whether the factual basis for the application comes within the prior conviction exception. As previously noted, the Supreme Court held in Blakely that the jury trial requirement of facts that increase a criminal defendant's statutory maximum sentence does not apply to "the fact of a prior conviction," Blakely, 542 U.S. at 301, and this exception was recently reaffirmed in Booker, 125 S.Ct. 738 (2005).

However, subsequent to Booker, the Supreme Court held in Shepard v. United States, 125 S.Ct. 1254, 1262-63 (2005), that the Sixth Amendment is violated when a sentence increase is based on a disputed fact about a prior conviction that is not evident from the prior judicial record. Specifically, the Supreme Court held in Shepard that "[w]hile the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record . . . ." Id. at 1262. Likewise, this court recently found in United States v. Washington, 404 F.3d 834, 842-43 (4th Cir. 2005), that a sentencing court's reliance on facts outside of the prior indictment to

_____

[6]While the government apparently interprets Cisneros-Garcia's argument to be a challenge to § 4A1.1(e) and not (d), we find that the appellant has in fact presented a challenge to the application of § 4A1.1(d).

13

resolve a disputed fact about a prior conviction was error under Booker and Shepard.

In this case, the district court relied on information presented in the PSR to apply two criminal history points pursuant to 4A1.1(d), which allows for those points to be added if the appellant was on probation at the time of the instant offense. However, it is not apparent from the judicial record that the appellant was on probation at the time of the instant offense, which according to the indictment occurred on May 9, 2003. In fact, just the opposite is apparent as the PSR reflects that the appellant's probation was revoked on February 21, 2002.

Therefore, we find that the sentence was increased beyond the maximum permitted by the facts found by the jury or, as far as we can tell, admitted by the defendant. Without the additional criminal history points under § 4A1.1(d) the appellant would have been in the lower criminal history category of V and the resulting guideline range of 92-115 months as opposed to 100-125 months. The district court's application of § 4A1.1(d) in this case resulted in at least ten months of additional imprisonment for the appellant. Under these circumstances, "the sentence imposed by the district court as a result of the Sixth Amendment violation was longer than that to which he would otherwise be subject," United States v. Hughes, 401 F.3d 540, 548 (4th Cir. 2005) (quoting United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001) (en banc)), and the

14

sentence contravened the appellant's substantial rights.  See Hughes, 401 F.3d at 548.

V.

We are of the opinion that the district court properly considered the defendant's prior deportation and affirm the conviction.  However, pursuant to the foregoing, we vacate Cisneros-Garcia's sentence and remand for resentencing.[7]

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[7]On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors identified in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) and then impose a sentence.  Hughes, 401 F.3d at 546.  If that sentence falls outside the guideline range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  Hughes, 401 F.3d at 546.  The sentence must be "within the statutory prescribed range and . . . reasonable."  Id. at 547.