**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4829**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

STEFON DONTA ROBINSON, a/k/a Twin,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Louise W. Flanagan,
District Judge.  (7:11-cr-00007-FL-1)

_____

Submitted:  April 19, 2013          Decided:  April 25, 2013

_____

Before KING, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lynne Louise Reid, L.L. REID LAW, Chapel Hill, North Carolina,
for Appellant.  Thomas G. Walker, United States Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stefon Donta Robinson appeals the ninety-month sentence imposed by the district court following this court's remand for resentencing in light of Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012). On appeal, Robinson contends that the district court violated Tapia v. United States, 131 S. Ct. 2382 (2011), by considering his need for drug treatment in imposing his sentence and that the court's error violated his substantial rights. Finding no reversible error, we affirm.

In reviewing a sentence, we must ensure that the district court did not commit any "significant procedural error," such as failing to consider the sentencing factors of 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 51 (2007). "[A] court's consideration of an improper § 3553(a) factor is likewise erroneous." United States v. Bennett, 698 F.3d 194, 200 (4th Cir. 2012); cert. denied, 133 S. Ct. 1506 (2013).

"[I]mprisonment is not an appropriate means of promoting . . . rehabilitation." 18 U.S.C. § 3582(a) (2006); see Tapia, 131 S. Ct. at 2388-91. The district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Tapia, 131 S. Ct. at 2393. However, "[a] court commits no error by discussing the opportunities for

2

rehabilitation within prison or the benefits of specific treatment or training programs." Id. at 2392.

We review for plain error Robinson's contention that the district court improperly based his sentence on an impermissible factor. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (providing standard of review). To demonstrate plain error, Robinson must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). In the sentencing context, an error affects substantial rights if the defendant demonstrates "that he would have received a lower sentence had the error not occurred." United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010); see United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001) (en banc) (stating that plain error affects substantial rights if defendant was subjected to sentence "longer than that to which he would otherwise [have been] subject").

Upon review, we conclude that, while the district court erred in noting Robinson's need for drug treatment in imposing the upward variance, Robinson failed to demonstrate a reasonable probability that the court would have imposed a lesser sentence had it not considered that factor. See United States v. Marcus, 130 S. Ct. 2159, 2164 (2011) (requiring

3

defendant to demonstrate "reasonable probability" that error affected outcome of proceeding).

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4