**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5008**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

MANTEL DELANCE MUBDI,

              Defendant – Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 12-7398)

Submitted:  July 26, 2013          Decided:  August 27, 2013

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Matthew Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:** Claire J. Rauscher, Executive Director, Kevin A. Tate, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mantel Delance Mubdi entered a conditional guilty plea to conspiracy to distribute and possess with intent to distribute a quantity of cocaine and at least 50 grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 846, possession with intent to distribute a quantity of cocaine and at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841, and two firearms offenses not at issue here. Although the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, went into effect prior to Mubdi's sentencing, the district court sentenced him to a total of 300 months' imprisonment in accordance with pre-FSA law. On appeal, this court affirmed the district court over Mubdi's objection that the district court's use of judicial factfinding to find facts that increased the mandatory minimum sentence violated his Fifth and Sixth Amendment rights. United States v. Mubdi, 691 F.3d 334, 344-45 (4th Cir. 2012). The Supreme Court granted Mubdi's petition for writ of certiorari, vacated this court's judgment, and remanded for further consideration in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). Because of intervening changes in law, we vacate Mubdi's sentence and remand to the district court for resentencing.

The presentence investigation report ("PSR") found Mubdi responsible for 290.5 grams of crack cocaine. Because of a prior felony drug conviction, Mubdi faced a twenty-year mandatory minimum sentence under pre-FSA law. Mubdi did not object to the PSR's finding that the crime involved 290.5 grams, but he did argue that the FSA governed his sentence, and that under the FSA the district court had the authority to impose a sentence of less than twenty years. The government argued that it was irrelevant which law applied because Mubdi was in fact responsible for 290.5 grams of crack cocaine--enough to trigger a twenty-year mandatory minimum under either law. The district court rejected Mubdi's argument and sentenced him to concurrent twenty-year sentences for the narcotics offenses.[*]

For the first time on appeal, Mubdi contended that the district court also violated his Fifth and Sixth Amendment rights by increasing the mandatory minimum sentence he faced based on the 290.5 grams the district court found Mubdi actually possessed, rather than the 50 grams to which Mubdi admitted. If the court had used 50 grams to determine the mandatory minimum,

---

[*] Mubdi also received a concurrent ten-year sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and a consecutive five-year sentence for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

Mubdi would have faced a mandatory minimum ten-year sentence. This court found that his argument was foreclosed by Harris v. United States, 536 U.S. 545, 568 (2002) (holding that increasing mandatory minimums based on judicial factfinding does not violate the Sixth Amendment).

After we decided Mubdi's appeal, the Supreme Court overruled Harris in Alleyne and held that facts which increase mandatory minimum sentences must be admitted or submitted to the jury and established beyond a reasonable doubt. 133 S. Ct. at 2163. Thus, the district court's finding that Mubdi's crime involved 290.5 grams of cocaine, a finding that increases the the mandatory minimum sentence, is impermissible.

Since the briefing in this case, the Supreme Court has also held that the FSA applies to pre-FSA offenders sentenced after the Act's effective date. Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012). Thus, the FSA applies to Mubdi. We reconsider Mubdi's sentence in light of these intervening changes.

## II.

Mubdi did not preserve his Sixth Amendment claim before the district court; therefore, we review his sentencing argument for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). An error is plain when it is clear or obvious, and

4

affects substantial rights. Id. Even if the law at the time of sentencing is "settled and clearly contrary to the law at the time of appeal," an error need only be "plain" at the time of appellate review. Johnson v. United States, 520 U.S. 461, 468 (1997). Thus, even though the error was not clear to the district court at the time of Mubdi's sentencing--in fact, it was settled that the district court was correct at that time--it is now clear and obvious that the district court erred in finding facts that raised Mubdi's mandatory minimum sentence.

The error also affected Mubdi's substantial rights. To establish this element, Mubdi must show that the error actually affected the outcome of the proceedings, i.e., that his "sentence was longer than that to which he would otherwise be subject." United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001) (en banc). If the district court applied the FSA's mandatory minimum for 50 grams of cocaine, it is possible that Mubdi's sentence would be ten years shorter. Of course, the district court may impose the same sentence on remand, but there is nothing in the parties' briefs that suggests such an outcome is inevitable, nor is this possibility enough to deter us from noticing the error. Cf. United States v. Hughes, 401 F.3d 540, 556 & n.14 (4th Cir. 2005).

Even when plain error is established, an appellate court may correct the error only if "not doing so would result in a

5

miscarriage of justice, or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Whitfield, 695 F.3d 288, 303 (4th Cir. 2012) (internal quotations omitted). We have previously held that a failure to notice an error where the sentence is in excess of that permitted by the jury verdict because of a Sixth Amendment violation would have such an effect. See United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005). In light of Alleyne, we conclude that a Sixth Amendment violation involving a mandatory minimum sentence would equally diminish the integrity and public reputation of the judicial system. Accordingly, the district court plainly erred by basing Mubdi's mandatory minimum sentence on its finding that Mubdi's crime involved 290.5 grams of cocaine, rather than a fact to which he admitted--responsibility for 50 grams.

## III.

For the foregoing reasons, we vacate Mubdi's sentence and remand this case for resentencing.

VACATED AND REMANDED