**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4029**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARRY HINES,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:18-cr-00132-D-2)

Submitted: November 20, 2020             Decided: December 3, 2020

Before AGEE, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garry Hines pled guilty to two counts of distribution of a quantity of heroin and one count of possession of heroin with intent to distribute, all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Hines to 276 months' imprisonment. On appeal, Hines argues that the district court erred when it refused to reduce his offense level for acceptance of responsibility and that the court sentenced him in excess of the statutory maximum. We affirm.

First, under U.S. Sentencing Guidelines Manual § 3E1.1 (2018), a district court is instructed to decrease a criminal defendant's offense level by 2 levels if the defendant "clearly demonstrates acceptance of responsibility for his offense," and to decrease it by an additional level if the government files a motion and the offense level prior to the 2-level reduction was 16 or higher. To earn the reduction, "[t]he defendant bears the burden of showing he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Carver*, 916 F.3d 398, 404 (4th Cir.), *cert. denied*, 140 S. Ct. 197 (2019) (internal quotation marks omitted).

The commentary to the Guidelines provides a non-exclusive list of "appropriate considerations" to determine whether a defendant is entitled to an acceptance of responsibility reduction. USSG § 3E1.1 cmt. n.1. Most relevant to this appeal, a reduction should be given if the defendant "truthfully admit[s] the conduct comprising the offense(s) of conviction, and truthfully admit[s] or [does] not falsely deny[] any additional relevant conduct for which the defendant is accountable." USSG § 3E1.1 cmt. n.1(A). On the other hand, "a defendant who falsely denies, or frivolously contests, relevant conduct that the

2

court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1 cmt. n.1(A); *see Carver*, 916 F.3d at 404 (noting that "[p]leading guilty is not enough, by itself," to support reduction). We have reviewed the record and discern no error, clear or otherwise, in the district court's determination that Hines' offense level should not be reduced for acceptance of responsibility because he falsely denied relevant conduct. *See United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007) (recognizing that district court's acceptance of responsibility determination is reviewed for clear error as "district courts are uniquely qualified to evaluate whether to grant or deny a sentence reduction for acceptance of responsibility").

Hines also asserts that he received a sentence in excess of the statutory maximum. Because Hines failed to present this claim to the district court, it is reviewed only for plain error. *United States v. Harris*, 890 F.3d 480, 490 (4th Cir. 2018). Under this standard, this court "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 491 (internal quotation marks omitted). In the sentencing context, an error affects substantial rights if the defendant can "show that he would have received a lower sentence had the error not occurred." *United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010).

Hines correctly notes that the statutory maximum penalty for each count of conviction was 240 months' imprisonment. 18 U.S.C. § 841(b)(1)(C). Thus, the district court plainly erred in sentencing Hines to 276 months' imprisonment on each of those counts. However, Hines has failed to demonstrate that this error affected his substantial

rights. Where, as here, a defendant is convicted on multiple counts and the Guidelines range "exceeds the statutory maximum of the most serious offense of conviction," the district court may, under USSG § 5G1.2(d), "impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment." *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (discussing mandatory Guidelines and finding no plain error); *see also United States v. Allen*, 491 F.3d 178, 194-95 (4th Cir. 2007); *United States v. Chase*, 296 F.3d 247, 250 (4th Cir. 2002). Therefore, had the court recognized the 20-year statutory maximum for each count of conviction, the court could have achieved a Guidelines sentence by imposing a term of imprisonment of 240 months on one count and ordering the terms on the remaining counts to be served consecutively to achieve the total Guidelines punishment. Because the aggregate statutory maximum on all counts of conviction was 720 months' imprisonment, *see* § 841(b)(1)(C), and the district court could have lawfully imposed the sentence Hines ultimately received by imposing consecutive terms of imprisonment totaling 276 months, the error does not affect Hines' substantial rights. *See Angle*, 254 F.3d at 518-19; *see also Knight*, 606 F.3d at 178. Thus, Hines' claim fails to meet the standards of plain error review.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4